**Deborah CARRINGER, Plaintiff–Appellant,**

**v.**

**Ethel TESSMER, Stanley Rodgers, et al., Defendants–Appellees.**

**No. 00–13500.**

United States Court of Appeals, Eleventh Circuit.

June 15, 2001.

---

Ralph Goldberg, Decatur, GA, for Plaintiff-Appellant.

James R. Westbury, Jr., Jacob A. Mauere, Mullins, Whalen & Westbury, Griffin, GA, Sandra J. Popson, Katz, Flatau, Popson & Boyer, Macon, GA, for Defendants–Appellees.

Before BIRCH, MARCUS and WOOD*, Circuit Judges.

* Honorable Harlington Wood, Jr., U.S. Circuit Judge for the Seventh Circuit, sitting by desig-

PER CURIAM:

Plaintiff–Appellant Deborah Carringer brought a wrongful death action against Defendant–Appellee Ethel Tessmer, and 42 U.S.C. §§ 1983 and 1988 claims against Tessmer's former employers, Defendants–Appellants Stanley Rodgers and the City of Barnesville. Tessmer filed a motion to dismiss on standing grounds, alleging that, as the decedent's surviving spouse, only she had standing to bring a wrongful death claim. The district court granted the motion and dismissed Carrington's claims against Tessmer with prejudice. Carrington appeals.

After careful consideration, we have determined that we do not have jurisdiction over this interlocutory appeal. We have previously held that "the question of standing does not fit within the collateral order doctrine, and, therefore, that Appellants may not as of right take an immediate interlocutory appeal on this issue." *Summit Med. Assoc., P.C. v. Pryor,* 180 F.3d 1326; 1334–35 (11th Cir.1999), *cert. denied,* 529 U.S. 1012, 120 S.Ct. 1287, 146 L.Ed.2d 233 (2000). To grant Carringer the opportunity to appeal its standing decision, the district court was required to issue a Federal Rule of Civil Procedure 54(b) certification. *Hood v. Plantation Gen. Med. Ctr., Ltd.,* 251 F.3d 932, 933 n.1 (11th Cir.2001) ("No interlocutory appeal is available for standing issues, absent a Rule 54(b) certification.").

Rule 54(b) mandates that, "when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an *express direction* for the entry of judgment." (emphasis added). Absent this express declaration, the order

nation.

is not final and is not appealable because it is "not effectively unreviewable on appeal from a final judgment." *Pryor*, 180 F.3d at 1334. Here, the district court failed to make the express declaration as required by Rule 54(b).[1] In order for this court to consider such an appeal, the district court *must expressly* accomplish what the Rule clearly mandates.

Accordingly, the appeal is DISMISSED for want of jurisdiction.

---

1. We do recognize the narrow exception in *Ebrahimi v. City of Huntsville Bd. of Ed.*, 114 F.3d 162 (11th Cir.1997), pointed out by Appellants. In *Ebrahimi*, we stated that "[i]f the reasons for the entry of judgment are obvious and remand to the district court would result only in unnecessary delay in the appeal process, we will not require an explanation." *Id.* at 166. In our case, however, the district court failed to explain the rationale of its decision in granting this final order, or even mention Rule 54(b) in the opinion. Therefore, it does not fall within the narrow exception to Rule 54(b) identified in *Ebrahimi*.