[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12627

_____

CHRISTIN MITCHELL,
DWANE MITCHELL,

                                        Plaintiffs-Appellants,

*versus*

VILLAGE CAPITAL AND INVESTMENT, LLC,
JAMES MARTIN DUNN,

                                        Defendants-Appellees,


ALAN SHERWOOD THOMAS,
FEDERAL DEPOSIT INSURANCE CORPORATION,

2                    Opinion of the Court                    21-12627

as Receiver for Resolute Bank,

                                                            Defendants.

————————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:18-cv-05808-CC-CMS

————————————————

Before WILLIAM PRYOR, Chief Judge, LUCK, Circuit Judge, and MOORER,[*] District Judge.

PER CURIAM:

Christin and Dwane Mitchell appeal the district court's dismissal of their federal and state claims against Village Capital and Investment, LLC and James Dunn.  But not all of the Mitchells' claims were dismissed.  There's still one state fraud claim against Alan Thomas pending in the district court.  Normally, that would mean we'd have to dismiss their appeal because, other than a few narrow exceptions, we only have appellate jurisdiction over final orders that resolve all claims against all parties.

————————————————

[*] The Honorable Terry F. Moorer, United States District Judge for the Southern District of Alabama, sitting by designation.

But the Mitchells argue that their appeal falls within one of the narrow exceptions to the final order rule.  Under Federal Rule of Civil Procedure 54(b), "[w]hen an action presents more than one claim for relief," "or when multiple parties are involved, the [district] court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the [district] court expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b).  The issue in this case is whether the district court properly certified its judgment for Village Capital and Dunn as final under Rule 54(b).  Because we conclude that it did not, we dismiss the Mitchells' appeal for lack of a final judgment.

I

In their amended complaint, the Mitchells alleged that Village Capital violated the Truth in Lending Act and that Village Capital, Dunn, Thomas, and Resolute Bank defrauded them.  Thomas didn't answer or respond to the amended complaint, so the magistrate judge directed the clerk to enter a default against him.  Village Capital, Dunn, and Resolute Bank responded by moving to dismiss the amended complaint for failure to state a claim. The district court granted the motions and dismissed with prejudice the Mitchells' claims against Village Capital, Dunn, and the Federal Deposit Insurance Corporation (which had been substituted as the receiver for Resolute Bank).

Because the district court dismissed with prejudice the Mitchells' claims against Village Capital, Dunn, and the Federal Deposit Insurance Corporation, the magistrate judge recommended

that the district court enter judgment for the three defendants.  And because the Mitchells "ha[d] done nothing" for twenty-one months "to convert the entry of default against Thomas into a default judgment," the magistrate judge ordered the Mitchells to either move for a default judgment or show cause why their claim against Thomas should not be dismissed for lack of prosecution.  Following the magistrate judge's order, the Mitchells moved for a default judgment against Thomas.

The district court adopted the magistrate judge's recommendation and ordered "that judgment be entered in favor of Village Capital . . . , the Federal Deposit Insurance Corporation . . . , and James Dunn, as there is no just reason for delay."  The district court also ordered that "[t]his case shall remain open for the adjudication of the motion for default judgment against . . . Thomas."

The Mitchells appealed the district court's dismissal of their claims against Village Capital and Dunn.  We issued a jurisdictional question for the parties to:  (1) "address whether the district court has certified the order on appeal under Federal Rule of Civil Procedure 54(b) such that this Court has jurisdiction in this appeal"; and (2) "[i]f the district court has entered a [r]ule 54(b) certification, . . . address whether the district court clearly and cogently articulated its reasoning why there was 'no just reason for delay' such that this Court should defer to the district court's certification."

## II

"To be appealable, an order must either be final or fall into a specific class of interlocutory orders that are made appealable by statute or jurisprudential exception." *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000) (citing 28 U.S.C. §§ 1291, 1292). "'[A]n order adjudicating fewer than all the claims in a suit, or adjudicating the rights and liabilities of fewer than all the parties, is not a final judgment from which an appeal may be taken,' unless 'the district court properly certifies as "final" under [r]ule 54(b), a judgment on fewer than all claims or parties.'" *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (first alteration in original) (quoting *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007)). We must review the district court's rule 54(b) certification to see if it was proper—even if no one objects—"because such certifications implicate the scope of our appellate jurisdiction." *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997).

## III

The district court entered judgment for Village Capital, Dunn, and the Federal Deposit Insurance Corporation but left the case open because of the pending motion for default judgment against Thomas. Because the district court's judgment "adjudicat[ed] the rights and liabilities of fewer than all the parties," it was "not a final judgment from which an appeal may be taken" unless

the district court properly certified it under rule 54(b). *See Supreme Fuels*, 689 F.3d at 1246 (quotation and citations omitted).

To properly certify a judgment as final under rule 54(b), "the district court *must expressly* accomplish what the [r]ule clearly mandates." *Carringer v. Tessmer*, 253 F.3d 1322, 1324 (11th Cir. 2001). Rule 54(b) mandates that district courts follow a "two-step analysis." *Lloyd Noland Found.*, 483 F.3d at 777. "First, the court must determine that its final judgment is, in fact, both 'final' and a 'judgment.'" *Id.* "That is, the court's decision must be 'final' in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action, and a 'judgment' in the sense that it is a decision upon a cognizable claim for relief.'" *Id.* (quotation and citations omitted). We "review[] the first step of the district court's analysis—whether the order constitutes a final judgment—de novo." *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 722 (11th Cir. 2021) (emphasis omitted).

"Second, having found that the decision was a final judgment, the district court must then determine that there is no 'just reason for delay' in certifying it as final and immediately appealable." *Lloyd Noland Found.*, 483 F.3d at 777. "We review whether there was no 'just reason for delay' only for abuse of discretion." *Doe #1*, 21 F.4th at 722.

The district court must "exercise its discretion in certifying partial judgments in consideration of judicial administrative interests—including the historic federal policy against piecemeal appeals—and the equities involved." *Lloyd Noland Found.*, 483 F.3d

at 778 (quotation and citations omitted). "Rule 54(b) certifications must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Ebrahimi*, 114 F.3d at 166 (quotation and citation omitted). And because "such circumstances will be encountered only rarely," district courts should "exercise the limited discretion afforded by [r]ule 54(b) conservatively." *Id.*

While we review the second-step determination for an abuse of discretion, the "[d]eference to the district court's determination [that there is no just reason for delay] . . . depends upon our ability to discern the reasoning that motivated the [r]ule 54(b) certification." *Id.* When a district court "clearly and cogently articulat[es] its reasoning, together with the supporting factual and legal determinations," "[w]e will not disturb the district court's assessment unless it was clearly unreasonable." *Id.* But "when a district court does not explain itself, any deference we might otherwise accord the [rule] 54(b) certification decision will be nullified." *Id.*

In "the absence of an adequate explanation," we've said that there are two possible scenarios. *See id.* at 166–67. Either (1) "the reasons for the entry of the judgment are obvious and remand to the district court would result only in unnecessary delay in the appeal process," in which case "we will not require an explanation," or (2) "a sound basis for the certification is not obvious and the district court merely repeats the language of the [r]ule or frames its

certification in conclusory terms," in which case "we have little choice but to dismiss the appeal for lack of a final judgment." *Id.* "A district court's bare statement that there is no just reason for delay does not suffice to establish that the nature of the case warrants a departure from the general rule . . . ." *Id.* at 167.

Although the district court didn't mention rule 54(b), its "unmistakable intent" was to enter partial final judgment under the rule because the district court entered judgment for Village Capital, Dunn, and the Federal Deposit Insurance Corporation and found that there was "no just reason for delay." *See Kelly v. Lee's Old Fashioned Hamburgers, Inc.*, 908 F.2d 1218, 1220 (5th Cir. 1990) (en banc) ("If the language in the order appealed from, either independently or together with related portions of the record referred to in the order, reflects the district court's unmistakable intent to enter a partial final judgment under [r]ule 54(b), nothing else is required to make the order appealable."); *United States v. Ettrick Wood Prods., Inc.*, 916 F.2d 1211, 1218 (7th Cir. 1990) ("[F]ailure to specifically mention [r]ule 54(b) does not deprive us of jurisdiction if the district court considered the proper factors and made the required findings in entering judgment."). And at step one of the rule 54(b) analysis, the district court properly determined that its order dismissing with prejudice the Mitchells' claims against Village Capital, Dunn, and the Federal Deposit Insurance Corporation was "final" as to those defendants. That's because the district court's order "end[ed] the litigation on the merits" as to Village Capital, Dunn, and the Federal Deposit Insurance Corporation

"and le[ft] nothing for the court to do but execute the judgment" for them. *See Jenkins v. Prime Ins. Co.*, 32 F.4th 1343, 1345 (11th Cir. 2022) (quotation and citation omitted).

But at step two, the district court didn't explain itself and "merely repeat[ed]" rule 54(b)'s language. *See Ebrahimi*, 114 F.3d at 166. So "we cannot defer to the district court['s] determination and must assess whether any obvious reasons support entry of the [r]ule 54(b) certification." *See id.* at 167.

Having reviewed the record, considered the parties' responses to our jurisdictional questions, and heard from them at oral argument, we can find no "obvious reason[]" in the record for why an "immediate appeal would alleviate some danger of hardship or injustice associated with delay." *See id.* at 166–67. Although the only issue left for the district court to resolve is the Mitchells' motion for default judgment against Thomas, there are no "equitable considerations" justifying departure from "the federally preferred practice of postponing appeal until after a final judgment has been entered." *See id.* at 168. The district court didn't cite any, the parties haven't given us any, and we can't find any.

Nothing in the record shows that the parties had "pressing needs" for an immediate appeal. *See id.* at 166. The record, instead, shows that the Mitchells waited twenty-one months before moving—at the magistrate judge's direction—for default judgment against Thomas, and neither Village Capital, Dunn, nor the Federal Deposit Insurance Corporation requested rule 54(b) certification or moved for the case to be dismissed for lack of prosecution. Put

simply, there's nothing "exceptional" about this case and there's no indication that there would be any "unusual hardship" in requiring the parties to "await the disposition of the entire case before obtaining appellate review." *See id.* at 168.

Because "a sound basis for the certification is not obvious and the district court merely repeat[ed] the language of the [r]ule," the Mitchells' appeal must be dismissed for lack of jurisdiction and we vacate the judgment of the district court. *See id.* at 166–67.

**DISMISSED.**