[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 4, 2007
THOMAS K. KAHN
CLERK

_____

No. 04-16534
_____

D.C. Docket No. 01-00437-CV-BE-S

2:01-cv-437-KOB

LLOYD NOLAND FOUNDATION, INC., THE,
an Alabama nonprofit corporation,

                                        Plaintiff,

versus

TENET HEALTH CARE CORPORATION,
a corporation,

                                        Defendant-
                                        Third Party-Plaintiff-
                                        Counter-Defendant-
                                        Appellant,

FAIRFIELD HEALTHCARE AUTHORITY, CITY OF,

                                        Third Party-Defendant-
                                        Counter-Claimant-
                                        Appellees,

HEALTHSOUTH CORPORATION,

                                        Third Party-Defendant-
                                        Appellee.

_____

2:01-cv-1904-KOB

TENET HEALTHSYSTEM MEDICAL, INC.,
a corporation,

> Plaintiff-
> Counter-Defendant-
> Third Party-Plaintiff-
> Appellant,

versus

LLOYD NOLAND FOUNDATION, INC.,
an Alabama nonprofit corporation,

> Defendant-
> Counter-Claimant,

FAIRFIELD HEALTHCARE AUTHORITY,

> Third Party-Defendant-
> Counter-Claimant-
> Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

Before TJOFLAT and PRYOR, Circuit Judges, and GEORGE,[*] District Judge.

---

[*] Honorable Lloyd D. George, United States District Judge for the District of Nevada, sitting by designation.

TJOFLAT, Circuit Judge:

This appeal asks us to interpret an indemnity provision under Alabama law. The district court granted summary judgment in favor of the third-party defendants on a claim based on this indemnity provision, but left another count of the third-party complaint undecided. That count also sought indemnity but was premised on Alabama common law rather than the indemnity provision itself. The district court entered partial judgment on the contractual indemnity claim under Federal Rule of Civil Procedure 54(b), and the third-party plaintiff appealed. Because we find that entry of partial final judgment under Rule 54(b) was improper, we have no jurisdiction and must dismiss this appeal.

## I.

The larger case here involves numerous claims, counter-claims and third-party claims arising from a series of business transactions relating to the sale and operation of a hospital in Fairfield, Alabama. Because we ultimately conclude that we have no jurisdiction over this appeal, we eschew a detailed examination of the somewhat convoluted facts in favor of a brief overview of those facts pertinent here.

In 1996, the Lloyd Noland Foundation, Inc. ("LNF") sold the hospital in

3

question to a subsidiary of Tenet Healthcare Corporation ("Tenet").[1]  As a condition to closing the transaction, Tenet executed a Guaranty Agreement, in which it guaranteed the performance of certain obligations to LNF assumed by Tenet's subsidiaries as part of the transaction.  Generally, these obligations related to an option for LNF to lease space in the hospital and repurchase beds from Tenet for the operation of an acute care unit, and Tenet's assumption of certain responsibilities for an LNF retiree benefit program.

Three years later, the City of Fairfield Healthcare Authority ("FHA") purchased the hospital from Tenet, executing a six-month promissory note for the purchase price and a security agreement.  FHA assumed the obligations, as described above, that were owed to LNF by Tenet's subsidiaries and guaranteed by Tenet (the "Assumed Obligations").  FHA's partner in the transaction was HealthSouth Corporation ("HealthSouth"), which executed with Tenet a separate agreement guaranteeing FHA's payment of the promissory note.

When the note came due six months later, FHA and HealthSouth were not prepared to pay.  Accordingly, Tenet, FHA and HealthSouth together executed the

---

[1] Although the hospital-related transactions described herein involved various subsidiary entities of Tenet in addition to the parent corporation, the parent corporation is the party in this case and the appellant here.  Because our jurisdictional holding does not depend on distinctions among the Tenet entities, we refer to Tenet generally throughout this opinion.

"Agreement Regarding Amendment of Secured Promissory Note" (the "Amendment").[2] Its title notwithstanding, the parties actually agree about relatively little with regard to this document. One thing they do not dispute is that the Amendment extended the term of the promissory note, giving FHA and HealthSouth six additional months in which to pay Tenet. HealthSouth ultimately paid the promissory note in full after the extension.

The parties do disagree, however, about the scope of an indemnity provision contained in the Amendment. The provision made FHA and HealthSouth jointly and severally liable to indemnify Tenet for any claim by LNF based on the Assumed Obligations. By its terms, the indemnity provision specified its effective date, but it contained no expiration date. In short, Tenet contends that, in the absence of an expiration provision, the indemnity clause remained effective indefinitely until expressly terminated by the parties. Fairfield and HealthSouth argue that the entire Amendment was tied to the term of the promissory note, and that all the provisions of the Amendment – including the indemnity clause – expired when the note was paid in full.

---

[2] To what extent the Amendment was solely an amendment of the promissory note, or whether some of its provisions went further and imposed obligations independent of the terms of the note, is the heart of the dispute in this appeal. Because we hold that we have no jurisdiction, we do not consider the merits. Accordingly, our use of the shorthand "Amendment" to refer to this document is not meant to imply any opinion by this court about the proper interpretation of the document.

In 2001, this lawsuit began. LNF sued Tenet in the Northern District of Alabama for damages under the terms of Tenet's Guaranty Agreement, alleging that FHA had failed to carry out the Assumed Obligations. Tenet in turn filed an answer and third-party complaint against both FHA and HealthSouth, initially alleging only one count for indemnification under the terms of the Amendment. Later, Tenet amended its answer and third-party complaint to allege a second count of "Common Law Indemnification" under Alabama law. The parties dispute whether Tenet properly alleged this second count against both FHA and HealthSouth; on its face, the count names only FHA.

On March 7, 2002, the district court filed a scheduling order setting deadlines for discovery and motions "regarding liability" and staying all other proceedings in the case "pending the resolution of the liability issues." In response to a request from counsel seeking clarification of the order, the district court filed a letter to counsel on March 18, 2002, specifying that "'liability' [as used in the March 7, 2002 scheduling order] means contractual liability under the indemnification agreement." Tenet, FHA and HealthSouth proceeded to file competing motions for summary judgment on the contractual indemnification count of Tenet's amended third-party complaint, never addressing Tenet's second count for common-law indemnification.

6

By order on November 9, 2004, the district court granted FHA's and HealthSouth's motions for summary judgment on the contractual indemnification count and denied Tenet's motion, holding in its accompanying Memorandum Opinion that, under Alabama law, the indemnity provision of the Amendment expired upon payment of the promissory note. The court further ordered that, "[b]ecause no claims remain against [FHA and HealthSouth], the court dismisses them with prejudice from the case." The district court nowhere mentioned the outstanding common-law indemnification count of Tenet's amended third-party complaint.

Desiring to appeal immediately to this court, Tenet moved the district court under Federal Rule of Civil Procedure 54(b) for entry of a partial final judgment on the November 9 summary judgment order.[3] In Tenet's estimation, as reflected

---

[3] Rule 54(b) provides:

> When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Fed. R. Civ. P. 54(b).

in its Rule 54(b) motion, the November 9 Order "dismiss[ed] with prejudice Count [One]" of its amended third-party complaint. On December 7, 2004, the district court granted Tenet's motion with a two-sentence order. The order's operative sentence reads: "Finding no just reason for delay, the court GRANTS the motion and directs the entry of final judgment in favor of Third Party Defendants City of Fairfield Healthcare Authority and HealthSouth Corporation and DISMISSES the third party complaint with prejudice."

Thereafter, Tenet appealed, raising two issues. First, it argues that the district court erred in its interpretation of the contractual indemnity provision in the Amendment. Second, Tenet contends that the district court erred in "sua sponte" granting summary judgment in favor of the third-party defendants on the common-law indemnity claim in Count Two of Tenet's amended third-party complaint without giving Tenet an opportunity to present evidence on and brief that issue.

## II.

Although no party on appeal directly questions the propriety of the district court's entry of final judgment under Rule 54(b), we do so sua sponte "because

8

such certifications implicate the scope of our appellate jurisdiction."[4] Ebrahimi v. City of Huntsville Bd. of Educ., 114 F.3d 162, 165 (11th Cir. 1997) (per curiam). The parties suggest that this court has jurisdiction under 28 U.S.C. § 1291 because this appeal is taken from a "final decision" of the district court. Ordinarily, however, an order adjudicating fewer than all the claims in a suit, or adjudicating the rights and liabilities of fewer than all the parties, is not a final judgment from which an appeal may be taken. Lex Tex Ltd. v. Unifi, Inc. (In re Yarn Processing Patent Validity Litig.), 680 F.2d 1338, 1339 (11th Cir. 1982) (per curiam). Under such circumstances, appellate jurisdiction lies when the district court properly certifies as "final," under Rule 54(b), a judgment on fewer than all claims or parties. Id. Here, the district court's order on the third-party contractual indemnification claim had no effect on the underlying claims between LNF and Tenet that initiated this lawsuit, so Tenet could not have appealed without a Rule 54(b) certification. As such, we must consider whether the district court's determinations under Rule 54(b) "fit within the scope of the rule." Brandt v. Bassett (In re Se. Banking Corp.), 69 F.3d 1539, 1546 (11th Cir. 1995). If they do not, this court lacks jurisdiction to consider the merits and must dismiss the

---

[4] Although not framed in terms of Rule 54(b), Tenet's argument regarding the "sua sponte" grant of summary judgment on Count Two of its amended third-party complaint indirectly raises the issue.

9

appeal.

## A.

A district court must follow a two-step analysis in determining whether a partial final judgment may properly be certified under Rule 54(b). First, the court must determine that its final judgment is, in fact, both "final" and a "judgment." Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7, 100 S. Ct. 1460, 1464, 64 L. Ed. 2d 1 (1980). That is, the court's decision must be "'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action,'" and a "'judgment' in the sense that it is a decision upon a cognizable claim for relief." Id. (citing Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436, 76 S. Ct. 895, 900, 100 L. Ed. 1297 (1956)). Second, having found that the decision was a final judgment, the district court must then determine that there is no "just reason for delay" in certifying it as final and immediately appealable. Id. at 8, 100 S. Ct. at 1465. This inquiry is required because "[n]ot all final judgments on individual claims should be immediately appealable." Id. The district court must act as a "dispatcher" and exercise its discretion in certifying partial judgments in consideration of "judicial administrative interests" – including "'the historic federal policy against piecemeal appeals'" – and "the equities involved." Id. (quoting Sears, Roebuck & Co., 351 U.S. at 438, 76 S. Ct. at 901).

10

As a threshold question, we consider whether the district court's November 9, 2004 order granting summary judgment to FHA and HealthSouth was a "final judgment" eligible for certification under Rule 54(b). If it was not, we need not fret over whether the district court abused its discretion in determining there was no "just reason for delay" in entering judgment. See In re Se. Banking Corp., 69 F.3d at 1546 (noting that "whether the district court completely disposed of one or more claims . . . is a prerequisite for an appeal under the rule"); Ind. Harbor Belt R.R. Co. v. Am. Cyanamid Co., 860 F.2d 1441, 1443–44 (7th Cir. 1988) ("If the judgment was final, we then determine whether the district court abused its discretion in finding there was 'no just reason for delay.'" (emphasis added) (quoting Curtiss-Wright, 446 U.S. at 8, 100 S. Ct. at 1465)). We review de novo the district court's determination that its partial adjudication amounted to a final judgment. See Mathis v. Zant, 903 F.2d 1368, 1371 (11th Cir. 1990) (per curiam) (describing the standard as "plenary review"); see also Gen. Acquisition, Inc. v. GenCorp, Inc., 23 F.3d 1022, 1027 (6th Cir. 1994) ("de novo"); Ind. Harbor Belt R.R. Co., 860 F.2d at 1444 ("de novo"); 10 James Wm. Moore et al., Moore's Federal Practice § 54.22[2][a] (3d ed. 2006); 10 Charles Alan Wright et al., Federal Practice and Procedure § 2655 (3d ed. 1998); cf. Sears, Roebuck & Co., 351 U.S. at 437, 76 S. Ct. at 900 ("The District Court cannot, in the exercise of its

11

discretion, treat as 'final' that which is not 'final' within the meaning of §

1291.").[5]

B.

---

[5] We note that this court has previously formulated the applicable standard of review for the first prong of the Rule 54(b) analysis as "approach[ing] de novo," explaining that while "we have a duty to 'scrutinize' the district court's determination in order to ensure that limits on our jurisdiction are observed[,] . . . there is some room for deference particularly where the district court has made its reasoning clear." In re Se. Banking Corp., 69 F.3d at 1546. This formulation is somewhat curious, as the first prong of the Rule 54(b) analysis – whether the district court's decision was a "final judgment" – directly affects our appellate jurisdiction. Without a "final judgment," we simply have no jurisdiction under § 1291. See Sears, Roebuck & Co., 351 U.S. at 438, 76 S. Ct. at 901 (observing that Rule 54(b) does not alter the "statutory requirement of a 'final decision' under § 1291 as a basic requirement for an appeal to the Court of Appeals").

We recognize, of course, the Supreme Court's instruction that the second prong of the analysis – whether there is "any just reason for delay" in certifying the partial judgment for appeal – is within the district court's discretion. Id. at 437, 76 S. Ct. at 900–01 ("[T]he District Court may, by the exercise of its discretion in the interest of sound judicial administration, release for appeal final decisions upon one or more, but less than all, claims in multiple claims actions. The timing of such a release is, with good reason, vested by the rule primarily in the discretion of the District Court . . . . With equally good reason, any abuse of that discretion remains reviewable by the Court of Appeals."); see Curtiss-Wright, 446 U.S. at 11, 100 S. Ct. at 1466 (observing that court of appeals must "scrutinize" the district court's evaluation of certain "juridical concerns," but that those aspects of the trial court's judgment that are "discretionary," such as its "assessment of the equities," are to be are to be granted "substantial deference"). In these discretionary matters, deference to the district court remains appropriate, but it would be peculiar for this court to defer to a district court in policing the boundaries of our appellate jurisdiction. See Sears, Roebuck & Co., 351 U.S. at 443–44, 76 S. Ct. at 904 (Frankfurter, J., concurring) ("Of course, as the Court's opinion appears to recognize, . . . [i]t is one thing for a district court to determine whether it is or is not through with a portion of a litigation. It is quite another thing for it to determine whether the requirements of § 1291 are satisfied so as to give jurisdiction to the court of appeals. . . . In a particular litigation the opinion of the district judge may properly be deemed a valuable guide. But flexibility would be a strange name for authority in the district court to command the court of appeals to exercise jurisdiction.").

In any event, this court in In re Southeast Banking Corp. ultimately applied a pure de novo standard in reviewing the first prong of the Rule 54(b) analysis, noting that "[i]f the district court does not explain itself, as is the case here, we do not get the benefit of its experience and its reasoning. In such a case, . . . any deference we might otherwise accord such a ruling will be nullified . . . ." 69 F.3d at 1546. As such, our decision in In re Southeast Banking Corp. does not conflict with our prior precedent in Mathis, 903 F.2d at 1371.

12

By definition, entry of partial judgment under Rule 54(b) results in some claims in a case being immediately appealable while other claims remain pending in the district court. In order to review the propriety of the district court's Rule 54(b) certification, we must first determine what exactly the court did and did not accomplish by that certification. In this case, that job is not made any easier by the record on appeal. When the district court granted summary judgment to FHA and HealthSouth and denied summary judgment to Tenet by its order of November 9, 2004, the court resolved the issue of liability under the indemnity provision of the Amendment. That order determined that FHA and HealthSouth were not obliged to indemnify Tenet under Tenet's contractual indemnity theory alleged in Count One of the amended third-party complaint.

The November 9 order did not, however, resolve Tenet's claim for indemnification under Alabama common law, alleged as Count Two in Tenet's amended third-party complaint. In response to the parties' request for clarification, the district court explicitly limited the scope of briefing on summary judgment to the issue of contractual indemnification under the Amendment. Accordingly, the competing motions for summary judgment exclusively addressed the Amendment's indemnification clause. Notwithstanding the limited scope of the summary judgment inquiry, the district court, by its order of December 7,

13

2004, granted entry of partial judgment under Rule 54(b) as to FHA and HealthSouth and dismissed "the third party complaint" with prejudice. Thus, we are presented a purported entry of partial judgment on all third-party claims against FHA and HealthSouth, yet the second count of Tenet's amended third-party complaint – seeking common-law indemnification – remained unresolved. Under these circumstances, the Rule 54(b) certification was improper.

We have interpreted the first prong of Rule 54(b) to require that a judgment "disposes entirely of a separable claim or dismisses a party entirely" in order to be considered "final." In re Se. Banking Corp., 69 F.3d at 1547. The district court's order disposing of the contractual indemnification claim alone did neither of the above. The inquiry turns on the interpretation of "claim for relief" under Rule 54(b). Ind. Harbor Belt R.R. Co., 860 F.2d at 1444. The text of the rule establishes that a third-party claim can be a "claim for relief" as to which a district court may direct the entry of partial judgment. Fed. R. Civ. P. 54(b); see also In re Yarn Processing Patent Validity Litig., 680 F.2d at 1340 (noting that the district court entered partial final judgment on dismissal of third-party complaints); Ind. Harbor Belt R.R. Co., 860 F.2d at 1444. But the error here does not relate to the third-party nature of the contractual indemnification count on which the court granted summary judgment. Instead, the error lies in the failure of the court, by

14

resolving that count alone, to adjudicate the entire substantive "claim for relief" to which the count was addressed.

Although this court has noted that "the line between deciding one of several claims and deciding only part of a single claim is very obscure," we have held that "when the plaintiff presents more than one legal theory, but will be permitted to recover on only one of them[,] . . . there is only a single inseparable claim for relief." In re Se. Banking Corp., 69 F.3d at 1547; see also Schexnaydre v. Travelers Ins. Co., 527 F.2d 855, 856 (5th Cir. 1976).[6] Thus, the touchstone for determining whether an entire "claim" has been adjudicated for the purposes of Rule 54(b) is whether that claim is "separately enforceable" without "mutually exclu[ding]" or "substantially overlap[ping]" with remedies being sought by the remaining claims pending in the district court. In re Se. Banking Corp., 69 F.3d at 1547.

It follows, therefore, that a partially adjudicated "claim" cannot serve as the basis for a Rule 54(b) certification; even if a district court has adjudicated one count of a complaint, but another count seeks substantially similar relief, the adjudication of the first count does not represent a "final judgment" because both

---

[6] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

counts are functionally part of the same claim under Rule 54(b).  See Pitney

Bowes, Inc. v. Mestre, 701 F.2d 1365, 1369 (11th Cir. 1983) ("[A] certification of

final judgment cannot for purposes of appeal render final a judgment which is

interlocutory.  The requirement of finality still applies, . . . turning on whether the

entry of judgment completely disposes of one of the claims."); see also Ind.

Harbor Belt R.R. Co., 860 F.2d at 1444 ("[I]f two counts constitute one claim for

relief . . . the district court must resolve both counts in order for the rule to

apply."); Tolson v. United States, 732 F.2d 998, 999 (D.C. Cir. 1984) (Ginsburg,

J.) (holding that the district court improperly invoked Rule 54(b) where it had "not

yet finally adjudicated any claim," but instead had "ruled on part of a single

claim").[7]

For example, in Schexnaydre, 527 F.2d at 856, the plaintiff pled two

alternate tort theories in a one-count complaint.  The district court dismissed only

one of the two theories of liability, leaving the other theory undecided.  Id.  The

court then entered partial judgment on the dismissed tort theory under Rule 54(b)

and the plaintiff appealed.  Id.  The former Fifth Circuit dismissed the appeal for

---

[7] This rule applies equally whether the only pending counts are those forming part of the same "claim" under Rule 54(b) as the count upon which the court entered partial final judgment, or whether there are also entirely separate "claims" pending in the district court.  Ind. Harbor Belt R.R. Co., 860 F.2d at 1444.

want of jurisdiction, holding that the Rule 54(b) certification was improper because the two bases for liability were merely "alternative theories, drawn from the law of the same sovereign, by which the same set of facts might give rise to a single liability." Id.; see also Ind. Harbor Belt R.R. Co., 860 F.2d at 1445 (dismissing appeal from entry of partial final judgment on a strict liability count of the complaint when a pending negligence count was an alternative theory for identical relief). Resolution of one theory did not constitute a "final judgment" conferring appellate jurisdiction while the alternate theory for the same relief remained outstanding. Schexnaydre, 527 F.2d at 856.

In light of the foregoing, our resolution of the instant case is straightforward. The district court's grant of summary judgment to the defendants on the issue of contractual indemnification did not "dispose[] entirely of a separable claim." See In re Se. Banking Corp., 69 F.3d at 1547. The second count of the amended third-party complaint, seeking common-law indemnification, represented merely an alternate legal theory for a recovery identical to that sought by Count One. Though it pled two counts in its complaint, Tenet would be entitled to recover its losses through indemnification only once, at most. See In re Se. Banking Corp., 69 F.3d at 1547; Schexnaydre, 527 F.2d at 856. The second count remains unadjudicated because the district court, in its March 18, 2002

17

clarification order, explicitly limited the inquiry on summary judgment to "contractual liability under the indemnification agreement." Although the district court's Rule 54(b) order purports to dismiss the amended third-party complaint in its entirety, the court never addressed the common-law indemnity count of that complaint, and Rule 54(b) "does not contemplate 'implicit adjudication' of claims." See Lamp v. Andrus, 657 F.2d 1167, 1169 (10th Cir. 1981) (per curiam), overruled on other grounds by Lewis v. B.F. Goodrich Co., 850 F.2d 641, 645 (10th Cir. 1988) (en banc). So long as that count remains unresolved, the first requirement for entry of partial judgment under Rule 54(b) is unsatisfied because there is no "final judgment" on any one "claim for relief." For the same reason, the district court's order failed to dismiss any party entirely, because a Rule 54(b) certification cannot make appealable a partial judgment as to a single party if that judgment does not finally determine all the claims against that party.[8] See Lockett

_____

[8] On its face, Count Two of the amended third-party complaint names only FHA, whereas Count One names both FHA and HealthSouth. HealthSouth disputes whether Count Two is properly alleged against it. If Count Two is not properly pled against HealthSouth, then HealthSouth would only be subject to Tenet's claim for contractual indemnification under Count One, as to which the district court granted summary judgment in HealthSouth's favor. Thus, arguably, the district court's entry of partial judgment could have been proper as to HealthSouth, which would allow us to review Tenet's appeal on the merits as against HealthSouth.

On the district court's unclear record, however, we would have to make certain assumptions in order to reach that result. In the above scenario, the analyses for the district court's entry of partial judgment would be quite different as between FHA and HealthSouth. The district court's order entering partial judgment, however, gives no explanation of its reasoning. It does not even acknowledge the existence of the common-law indemnification count, let alone discuss how that count does or does not apply to the case against each third-party defendant. The

18

v. Gen. Fin. Loan Co. of Downtown, 623 F.2d 1128, 1129 (5th Cir. 1980).

Because the grant of summary judgment in the third-party defendants' favor on the contractual indemnification count failed to adjudicate finally the indemnity claim as a whole, the first requirement for entry of partial judgment under Rule 54(b) was not satisfied. As such, we need not reach the second requirement that the district court find no just reason for delay in entering partial judgment. We must simply dismiss the case for want of jurisdiction.

## III.

Lamentably, the jurisdictional defect in this appeal was not identified until after briefing and oral argument on the merits. Nevertheless, lack of jurisdiction gives us no authority to go forward. On remand, however, the parties will be free to seek partial judgments with proper Rule 54(b) certifications once the district court resolves either (a) any one claim in its entirety, or (b) all the claims as to any one party. Lex Tex Ltd. v. Unifi, Inc. (In re Yarn Processing Patent Validity Litig.), 680 F.2d 1338, 1340 (11th Cir. 1982) (per curiam). The parties may also desire to mitigate the wasted effort on this appeal by requesting that, to the extent

---

district court never resolved the underlying question of whether Count Two of the amended third-party complaint was properly alleged against HealthSouth in the first instance. Upon remand following our dismissal of this appeal, the district court will be in a position to consider that question.

applicable, any future appeal to this court from a properly certified Rule 54(b) partial judgment be submitted on the records and briefs prepared in this appeal, supplemented with the new judgments, and on the oral argument previously heard before this panel.  Id.

**DISMISSED.**