[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-10385

Non-Argument Calendar

_____

CHRISTINA NECOLE VAZQUEZ-KLECHA,
as adult child of GEORGE HALE BICKERSTAFF, III, deceased,

Plaintiff-Counter
Defendant-Appellant,

*versus*

ELIZABETH ANN BICKERSTAFF,
Citizen of Georgia,
MICHAEL NEELY,
Citizen of Georgia,

2                    Opinion of the Court                    22-10385

Defendants-Counter

Claimants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 4:20-cv-00227-CDL

_____

Before ROSENBAUM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

This is a negligence case arising out of the death of George Hale "Bick" Bickerstaff, III, in July 2019.  On July 12, Bick had a heated argument by phone with his sister, Elizabeth Bickerstaff ("Beth"), about how her cows had damaged a fence on property they jointly owned and on which Bick resided.  Soon after, Beth and her long-term boyfriend, Michael Neely, who lived together on adjacent property, drove to Bick's residence, where Bick was waiting outside with a rifle nearby.  Upon their arrival, in circumstances vigorously disputed by the parties, Bick shot at Beth's truck with the rifle, and Neely shot Bick at close range with a 9mm handgun, ultimately killing him.

The district court granted summary judgment to Beth on claims that she negligently caused Bick's death or acted in concert with Neely to do so.  But it denied summary judgment to Neely with respect to his individual negligence.  That negligence claim

remains pending for trial and stayed until this appeal is resolved. The court then certified its decision as a partial final judgment under Rule 54(b) of the Federal Rules of Civil Procedure. After careful review, though, we must dismiss the appeal for lack of jurisdiction because the district court abused its discretion by certifying the partial judgment under Rule 54(b).

## I.

In September 2020, Christina Necole Vazquez-Klecha ("Klecha"), as Bick's surviving child, filed an action for wrongful death against Beth and Neely. One year later, after discovery closed, Beth and Neely each filed motions for summary judgment on all claims against them. Klecha moved for partial summary judgment.

The district court entered an order granting Beth's motion for summary judgment and denying the other motions. In the court's view, no reasonable jury could "conclude that Elizabeth's individual conduct amounted to negligence and that her alleged negligence was a proximate cause of Bick's death," or that she engaged in "concerted" conduct with Neely to negligently bring about his death. But the court denied summary judgment on the claim against Neely for his individual negligence.

Klecha then requested entry of partial final judgment under Rule 54(b). She contended that the order was final in that it resolved the claims against Beth and that there was no just reason for delay. In her view, permitting immediate review would prevent a

"duplicative retrial of the same matter" if we reversed the grant of summary judgment as to Beth, thus conserving judicial resources.

Without any clear opposition from the defendants, the district court granted Klecha's motion to certify the partial judgment as final under Rule 54(b).  Citing reasons of judicial economy, the district court found "no just reason for delay" of any appeal.  The court stated that pretrial review of the summary-judgment order would "avoid the possibility of two trials" if we concluded on appeal that the court erred in granting summary judgment.  And avoiding unnecessary trials was "particularly important in the ongoing covid era," in the court's view.  Plus, the court found that it was "unlikely that the Court of Appeals would have to decide the same issues again even if one or both Defendants appealed after a future trial."  The court stayed the action—that is, the remaining negligence claim against Neely—pending any appeal of its ruling. Klecha now appeals.

## II.

Before reaching the merits, "[w]e must first satisfy ourselves that we have jurisdiction over this appeal." *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 722 (11th Cir. 2021).  Although no party on appeal questions the propriety of the district court's entry of final judgment under Rule 54(b), "we do so *sua sponte* because such certifications implicate the scope of our appellate jurisdiction." *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007).  We have asked for and received responses from the parties on this issue, which has been carried with the case.

Ordinarily, we lack jurisdiction over a judgment that does not resolve all claims against all parties in a lawsuit unless the district court has certified its partial judgment as "final" under Rule 54(b). *Id.*; *see* 28 U.S.C. § 1291; Fed. R. Civ. P. 54(b). Because the judgment here did not resolve the claim against Neely, Klecha could not have appealed without Rule 54(b) certification. *See Lloyd Noland*, 483 F.3d at 777. So "we must consider whether the district court's determinations under Rule 54(b) fit within the scope of the rule." *Id.* (quotation marks omitted).

A district court must follow a two-step analysis in certifying a partial final judgment under Rule 54(b). *Id.* First, the court must enter a "final" judgment that "disposes entirely of a separable claim or dismisses a party entirely." *Id.* at 777, 779. And second, the court must determine that there is "no just reason for delay." *Id.* at 777. Only the second requirement is at issue here. We review the district court's determination that no just reason for delay existed for an abuse of discretion. *Red Roof*, 21 F.4th at 722.

"Not all final judgments on individual claims should be immediately appealable, even if they are in some sense separable from the remaining unresolved claims." *Curtiss-Wright Corp.*, 446 U.S. 1, 8 (1980). "When determining whether there is no just reason for delay, the district court should consider judicial administrative interests—including the historic federal policy against piecemeal appeals—and the equities involved." *Red Roof*, 21 F.4th at 722.

Because Rule 54 (b) certifications depart from the "historic federal policy against piecemeal appeals," "we have explained that

certifications must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Peden v. Stephens*, 50 F.4th 972, 978 (11th Cir. 2022) (quotation marks omitted). "These unusual circumstances will be encountered only rarely." *Id.* (quotation marks omitted).

In this case, the district court certified the partial judgment under Rule 54(b) to promote judicial economy—that is, to "avoid the possibility of two trials" if we concluded on appeal that the court erred in granting summary judgment. While the court's concerns are understandable, we rejected nearly identical reasoning in *Ebrahimi* as a basis for granting Rule 54(b) certification. *See Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 168 (11th Cir. 1997). We explained that, in certifying its judgment under Rule 54(b), the court in that case "may have reasoned that early review by the appellate court would eliminate the necessity for a second trial in the event we reversed its rulings on the dismissed claims." *Id.* But "[a]bsent special circumstances," we stated, "the district court's preference for pretrial appellate review of its dismissal decisions constitutes an improper basis for issuance of a partial final judgment." *Id.*

Accordingly, the parties' and the district court's "preference for pretrial appellate review" of the summary judgment order, standing alone, is not enough to justify granting Rule 54(b) certification. The critical question is whether there is anything special or

unique about this case that would warrant immediate review. Klecha maintains that this case is similar to *Red Roof*, where we found such special circumstances, but we disagree.

In *Red Roof*, four plaintiffs, alleging that they were the victims of sex trafficking, filed nearly identical complaints against numerous individual and businesses involved in the hotel industry. 21 F.4th at 719–20. The district court granted three hotel franchisors' motions to dismiss "in nearly identical orders" in each of the four cases, fully resolving all claims against the three defendants. *Id.* at 720. The court then certified its order under Rule 54(b) for reasons of judicial economy, including streamlining the litigation and avoiding duplicative discovery and trials. *Id.* at 721.

On appeal, we concluded that the district court did not abuse its discretion in finding no just reason for delay, citing the "unique circumstances of these cases." *Id.* at 722. We found that "[a]ddressing this consolidated appeal now significantly enhances the efficiency of the litigation," explaining that "[t]he relatedness of these four cases, their early stage in litigation, the number of defendants involved, and the substantial discovery to be had are the kind of 'special circumstances' that warrant appellate review." *Id.* at 723; *see also Peden*, 50 F.4th at 978 (stating that *Red Roof* "illustrates the proper use of a Rule 54(b) certification").

None of the special circumstances identified in *Red Roof* are present here. This is a single case with two defendants based on a short series of events, not multiple related cases against numerous individuals and corporate defendants arising out of a large-scale

venture. And this appeal does not come "early in litigation" with "substantial discovery [still] to be had." *Red Roof*, 21 F.4th at 723. Rather, discovery is closed, the court has ruled on summary judgment, and the remaining claims are ready for trial. Accordingly, *Red Roof* does not support Klecha's claim that an immediate appeal would "significantly enhance[] the efficiency of the litigation." *Id.*

Klecha also cites the district court's finding that we likely would not have to "decide the same issues again" in the event of a future appeal. Even so, "we undoubtedly would be required to relearn the same set of facts if and when the case returned to us on appeal." *Ebrahimi*, 114 F.3d at 167. The claims against Beth are based on the same set of facts as the pending claims against Neely. And "[i]n instances such as this, when the factual underpinnings of the adjudicated and unadjudicated claims are intertwined, courts should be hesitant to employ Rule 54(b)." *Id.* As we observed in *Ebrahimi*, "judicial administration and efficiency will not normally be furthered by having piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case. *Id.* (cleaned up).

Finally, "we consider whether equitable considerations justify the district court's decision to grant Rule 54(b) certification." *Id.* at 168. In certifying its decision, the court did not suggest that this case "was an exceptional one or that there would be any *unusual* hardship in requiring either [Klecha] or any of the parties she sued to await the disposition of the entire case before obtaining appellate review." *Id.* (emphasis added); *see id.*at 166 (stating that

Rule 54(b) certification is limited to instances where "immediate appeal would alleviate some danger of hardship or in-justice associated with delay").

Nor does our review of the record disclose any equitable considerations that might support "depart[ing] from the federally preferred practice of postponing appeal until after a final judgment has been entered." *Id.* at 168. Beth contends that a pretrial appeal could avoid a duplicative and expensive jury trial that would force the parties to "relive this tragic event twice." Yet it is not unusual for some claims to be resolved at summary judgment, while other claims, arising from the same facts, proceed to trial. Inherent in that scenario is the possibility of two trials if the district court erred in its pretrial ruling. Or if the court did not err, there could be one trial and one appeal, thereby conserving judicial resources. Regardless, the "federally preferred practice" is to "postpon[e] appeal until after a final judgment has been entered," *id.*, notwithstanding that the court or the parties may wish to avoid the possibility of a "second trial in the event we reverse[]," *id.* at 167.

In short, to the extent equitable considerations support the propriety of Rule 54(b) certification to some degree, they are not "sufficient to overcome the associated injury to the interest of judicial administration." *Id.* at 168. Based on our review of the record, "there is no reason to suppose that an immediate appeal will sufficiently increase efficiency . . . that the Court should tolerate the costs and risks of multiplying the number of proceedings and of

overcrowding the appellate docket." *Peden*, 50 F.4th at 979 (quotation marks omitted).

For these reasons, the record lacks sufficient support for the district court's determination of "no just reason for delay" to appeal the partial judgment in favor of Beth. Because granting Rule 54(b) certification was improper, we lack jurisdiction over the otherwise non-final summary-judgment order. *See Lloyd Noland*, 483 F.3d at 777. Accordingly, we must dismiss the appeal for lack of jurisdiction without reaching the merits.

**DISMISSED.**