[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13625

_____

MULTIMEDIA TECHNOLOGIES, INC.,

Plaintiff-Appellant,

GEOFFREY ANDERSON, et al.,

Plaintiffs,

*versus*

CITY OF ATLANTA, GEORGIA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-01280-VMC

———————————

Before WILSON, JILL PRYOR, and BRASHER, Circuit Judges.

PER CURIAM:

This case concerns two signs that Multimedia Technologies owns. One sign hangs on the side of a building owned by Peach Hospitality of Georgia, LLC; the second sits on top of the building. The City of Atlanta permitted both signs in 1993. But after a sign code change, state-court litigation, and some time passed, Atlanta demanded that Multimedia remove its signs. When Multimedia refused, Atlanta issued arrest citations to Multimedia's president and Peach's registered agent.

Multimedia, its president, and Peach sued Atlanta, claiming that it sought to unconstitutionally apply the sign code to Multimedia's signs. Because Multimedia had lost the state-court litigation, the district court requested briefing on whether *Rooker-Feldman*, a doctrine precluding a party who lost in state court from trying to remedy that loss in federal district court, barred Multimedia's claims.

Convinced that *Rooker-Feldman* applied, the district court dismissed Multimedia, stayed the remaining claims in the lawsuit, and certified its order for appeal under Federal Rule of Civil Procedure 54(b). On appeal, Multimedia and Atlanta urge us to decide whether the district court properly applied *Rooker-Feldman*. To do so, we must have jurisdiction under Rule 54(b). But jurisdiction under Rule 54(b) requires that a case present unique or unusual

circumstances. This case lacks those circumstances; we thus lack jurisdiction. We therefore dismiss this appeal.

## I.    BACKGROUND

Multimedia owns two signs that Atlanta permitted in 1993, under the 1982 sign code. Atlanta amended the code in 2015 but allowed nonconforming signs to stay up if they were lawfully erected under the 1982 sign code and properly maintained by their owner.

A few years after Atlanta enacted the 2015 sign code, Multimedia sought permits to convert its signs to LED faces. Atlanta granted the conversion permits, but three parties appealed that decision to the Board of Zoning Adjustment. After the Board denied the appeal, two parties challenged the Board's decision before the Superior Court of Fulton County. The superior court reversed the Board's decision and set aside the conversion permits, determining that the signs were illegal under the 2015 sign code and were not legally nonconforming because the original permits were improperly issued.

Almost a year after the superior court's decision, Atlanta demanded that Multimedia remove its signs. When Multimedia refused, Atlanta issued arrest citations to Multimedia's president and Peach's registered agent commanding them to appear in municipal court. Multimedia, its president, and Peach sued in federal district court, claiming that Atlanta violated the First, Fifth, and Fourteenth Amendments when it tried to enforce the 1982 sign code

against Multimedia's signs. After this action was filed, Atlanta agreed to stay the pending actions in municipal court.

The parties completed discovery. Multimedia, its president, and Peach together moved for summary judgment.

After the briefing on summary judgment was complete, the district court asked the parties for supplemental briefing on *Rooker-Feldman*, a doctrine that precludes "state-court losers" from "complaining of injuries caused by state-court judgments" and "inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).[1] After receiving briefing, the district court granted summary judgment to Atlanta and against Multimedia, determining that *Rooker-Feldman* barred Multimedia's claims. In its order, the district court left unaddressed whether Multimedia's president and Peach were entitled to summary judgment. The court instead stayed the case as to the two other plaintiffs and certified a Rule 54(b) appeal.

## II.    DISCUSSION

"We have a threshold obligation to" address any jurisdictional questions before discussing an appeal's merits. *Peden v. Stephens*, 50 F.4th 972, 977 (11th Cir. 2022) (internal quotation marks omitted). That obligation remains even though Multimedia and Atlanta each urge appellate review. *See Ebrahimi v. City of Huntsville*

---

[1] *Rooker-Feldman* is a doctrine derived from two Supreme Court cases: *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

*Bd. of Educ.*, 114 F.3d 162, 165 (11th Cir. 1997). The jurisdictional question before us is whether the district court properly certified its order under Rule 54(b). *See id.* ("Rule 54(b) certification[s] . . . implicate the scope of our appellate jurisdiction."). Because we conclude that the district court improperly certified this appeal under Rule 54(b), we lack appellate jurisdiction.

We ordinarily have jurisdiction to review only "decisions of the district courts" that are "final." 28 U.S.C. § 1291. A final decision exists when "the rights and liabilities of all the parties to the action have been adjudicated." *Ebrahimi*, 114 F.3d at 165.

But Rule 54(b) provides "a limited exception" that permits us to "entertain an appeal of an order that does not dispose of all claims against all parties if the district court properly certifies such an order as 'final.'" *Scott v. Advanced Pharm. Consultants, Inc.*, 84 F.4th 952, 959 (11th Cir. 2023). Rule 54(b) "codif[ied] the historic practice of prohibiting piecemeal disposition of litigation and permitting appeals only from" final decisions of the district court, "except in the infrequent harsh case in which the district court properly makes the determinations contemplated by the rule." *In re Se. Banking Corp.*, 69 F.3d 1539, 1547 (11th Cir. 1995) (alteration adopted) (internal quotation marks omitted).

To properly make the determinations Rule 54(b) contemplates, district courts must follow a two-step analysis: the district court first determines whether the order is a "final judgment" and then decides whether there is "no just reason for delay." *Lloyd*

6                    Opinion of the Court                    22-13625

*Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007) (internal quotation marks omitted).

The district court's order satisfies the first step. We review *de novo* whether the district court's order constitutes a final judgment. *Id.* at 778 & n.5. During that review, we must "decide whether the district court completely disposed of one or more claims." *In re Se. Banking Corp.*, 69 F.3d at 1546. Because the district court's order "dismisse[d] a party entirely," *id.* at 1547, it qualifies as a final judgment under Rule 54(b).

At the second step, we are unconvinced that there is no just reason to delay this appeal. We usually review the second step for an abuse of discretion. *Lloyd Noland Found.*, 483 F.3d at 778 n.5. "Deference to the district court's determination, however, depends upon our ability to discern the reasoning that motivated the Rule 54(b) certification." *Ebrahimi*, 114 F.3d at 166. The district court here never explained itself. Although it concluded that "there is no just reason for delay for the reasons given above," Doc. 48 at 23,[2] the reasons it gave above did not implicate sound judicial administration and efficiency, the cornerstones of Rule 54(b)'s analysis, *see Ebrahimi*, 114 F.3d at 167. We therefore analyze *de novo* whether there is any just reason to delay this appeal.

We have stressed that the no-just-reason-to-delay requirement contemplates special circumstances beyond the delay inherent in ordinary appeals. That is because "[t]he federal concept of

---

[2] "Doc." refers to the district court's docket entries.

sound judicial administration and efficiency will not normally be furthered by having piecemeal appeals," which "require two (or more) three-judge panels to familiarize themselves with a given case." *Id.* (alteration adopted) (internal quotation marks omitted). Judicial administration and efficiency instead favor "having the trial judge, who sits alone and is intimately familiar with the whole case, revisit a portion of the case if he or she has erred in part and that portion is overturned following the adjudication of the whole case." *Id.* (internal quotation marks omitted). Therefore, "[a]bsent special circumstances," pretrial appellate review should be denied. *Id.* at 168.

We noted some special circumstances in *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir. 2021). There, multiple sex trafficking victims sued several individuals and hotels, alleging violations of the Trafficking Victims Protection Reauthorization Act and Georgia state law. *Id.* at 721. The district court dismissed the complaints against three hotels, concluding that they failed to state claims. *Id.* It also certified its orders under Rule 54(b) and "stayed discovery pending the anticipated appeals." *Id.* Each of the four Does appealed, and we consolidated the four appeals.

We then determined that the district court did not abuse its discretion when it certified its orders under Rule 54(b). We concluded that the certification was proper for four reasons. First, addressing the appeal enhanced the litigation's efficiency because the four consolidated cases were related. *Id.* at 723. Second, the litigation remained in early stages, with all four cases at the motion-to-

dismiss stage. *Id.* Third, the litigation involved multiple defendants. *Id.* And fourth, the parties had yet to engage in discovery. *Id.*

"Those special circumstances are absent here." *Peden*, 50 F.4th at 979. There are no consolidated appeals. The litigation is no longer in its early stages, having progressed all the way to the summary judgment stage. This litigation involves only one defendant. And the parties have already finished discovery.

Of course, the exact special circumstances found in *Red Roof Inns* are unnecessary for Rule 54(b) jurisdiction. Multimedia and Atlanta argue that their case involves special circumstances for three reasons. But we find their arguments unconvincing.

First, Multimedia argues that permitting the appeal will further judicial economy because the district court stayed the other plaintiffs' claims. But our past cases have given no weight to stays when considering whether special circumstances existed to justify Rule 54(b) certification. In *Red Roof Inns*, for example, we noted that the district court stayed discovery pending the appeal but never mentioned it as a reason to support jurisdiction. 21 F.4th at 721.

That makes sense. District courts "possess[] inherent powers . . . to manage their own affairs." *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (internal quotation marks omitted).[3] They therefore have

---

[3] A district court's power to manage its own docket allows it to avoid issuing piecemeal orders, which can lead to piecemeal appeals. For example, the district court may resolve all pending motions in omnibus orders. Or it may resolve legal issues that affect only a single party or claim posttrial, rather than pretrial.

discretion to stay proceedings whenever they certify Rule 54(b) appeals. If staying proceedings "alone justified an immediate appeal, Rule 54(b) certifications would cease to be reserved for the unusual case." *Peden*, 50 F.4th at 979 (internal quotation marks omitted). Rule 54(b) is a narrow exception to our general prohibition against piecemeal appeals. In this case, we decline to broaden that narrow exception by giving weight to whether the district court stayed the underlying proceedings.

Second, Multimedia argues that permitting the appeal will not cause piecemeal appeals or require us to relearn facts because we will need to hear the *Rooker-Feldman* issue only once. That is true. But the "relevant equitable concerns" go beyond avoiding piecemeal appeals and include "limit[ing] Rule 54(b) certification to instances in which immediate appeal would alleviate some danger of hardship or injustice associated with delay." *Ebrahimi*, 114 F.3d at 166. No danger of hardship or injustice exists here because the arrest citations "have been stayed[] pending the outcome of" this litigation. Doc. 6 ¶ 37.

And third, Multimedia and Atlanta argue that judicial economy will suffer if we delay this appeal, noting that the district court will need to duplicate its efforts if the case proceeds without Multimedia, only for us to reverse its dismissal on direct appeal. But the possibility of reversal pervades every case and provides no special circumstance for Rule 54(b) certification. *See Ebrahimi*, 114 F.3d at 167. Atlanta, which failed to respond to our jurisdictional question, stated at oral argument that judicial economy will suffer if the

district court ends up conducting two nearly identical trials. This case, however, is before us on a summary judgment motion. It is by no means clear that this case will involve one trial, let alone two.

Put simply, "there is no indication that the delays here would cause anything other than inconvenience." *Peden*, 50 F.4th at 979. We have cautioned against Rule 54(b)'s "liberal construction," stressing that it should be "reserved for the unusual case." *Ebrahimi*, 114 F.3d at 166–67 (internal quotation marks omitted). This is not the unusual case.

### III.    CONCLUSION

For the reasons given above, we dismiss this appeal for lack of jurisdiction.

**DISMISSED.**