[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-10282

Non-Argument Calendar

_____

WILLIAM CHOATE,

Plaintiff-Counter Defendant-Appellant,

*versus*

ATLANTA RADIO, LLC,
a subsidiary of Cumulus Media, Inc.,
CUMULUS MEDIA, INC.,

Defendants-Counter Claimants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

D.C. Docket No. 1:20-cv-04234-JPB

————————————

Before WILSON, LUCK, and BLACK, Circuit Judges.

PER CURIAM:

William Choate appeals following the district court's grant of partial summary judgment in favor of Cumulus Media, Inc. (Cumulus) and its subsidiary Atlanta Radio, LLC (collectively, the Appellees) in Choate's action alleging gender and sexual orientation discrimination in his termination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000e-2(m). Choate asserts the district court abused its discretion by excluding from evidence the declaration of his former co-worker, Brian Thomas. He also contends the district court erred in granting summary judgment to Appellees because a reasonable jury could conclude Cumulus terminated him because of his sexual orientation. After review, we affirm.

## I. JURISDICTION

We issued a jurisdictional question asking the parties to address whether the district court's certification of a partial final judgment on Choate's Title VII claims under Rule 54(b) was proper. The parties responded, and we carried the jurisdictional issue with the case. Generally, an order that adjudicates fewer than all claims against all parties is not final and appealable absent certification by the district court under Rule 54(b). *Supreme Fuels Trading FZE v.*

*Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012); *see* 28 U.S.C. § 1291; Fed. R. Civ. P. 54(b).  Rule 54(b) provides:

> When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54(b).  We have noted "appeals before the end of district court proceedings are the exception, not the rule." *Peden v. Stephens*, 50 F.4th 972, 977 (11th Cir. 2022) (alteration omitted).

To certify a case under Rule 54(b), a district court must follow a two-step analysis.  *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007).  First, the district court must determine its final judgment is both "final" and a "judgment."  *Id.*  Second, the district court must determine there is "no just reason for delay" in permitting the parties to appeal its decision immediately.  *Id.*  A district court's Rule 54(b) certification is not conclusive on this Court, and if the district court incorrectly granted Rule 54(b) certification, we will dismiss the appeal for lack of jurisdiction. *See Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 166, 168 (11th Cir. 1997).

A.  *Final Judgment*

To constitute a "final judgment," the court's decision must be "final in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action, and a

judgment in the sense that it is a decision upon a cognizable claim for relief." *Lloyd Noland Found., Inc.*, 483 F.3d at 777 (quotation marks omitted).  Moreover, a final judgment must either entirely dispose of a separable claim or completely dismiss a party from the case. *Id.* at 779.  Claims are separable when there is more than one possible recovery or if "different sorts of relief" are sought. *Brandt v. Bassett (In re Se. Banking Corp.)*, 69 F.3d 1539, 1547 (11th Cir. 1995).  "When either of these circumstances exists, claims are separately enforceable and subject to Rule 54(b) certification even if they arise out of a single transaction or occurrence." *Id.* (quotation marks omitted).  "Thus, the touchstone for determining whether an entire claim has been adjudicated for purposes of Rule 54(b) is whether that claim is separately enforceable without mutually excluding or substantially overlapping with remedies being sought by the remaining claims pending in the district court." *Lloyd Noland*, 483 F.3d at 780 (quotation marks and alteration omitted).

The partial summary judgment order is final for purposes of Rule 54(b).  Although the district court's partial judgment did not completely dismiss any party, it did completely resolve Choate's Title VII claims.  And while there is potentially some overlap between his Title VII claims and his breach of contract claim, Choate can recover different relief simultaneously under each of the claims.  Thus, the contract and statutory claims are separable, and the partial summary judgment order is final for purposes of Rule 54(b). *See Lloyd Noland*, 483 F.3d at 780; *In re Se. Banking Corp.*, 69 F.3d at 1547.

### B.  *No Just Reason for Delay*

Once having found finality, the district court must determine whether there is "any just reason to delay the appeal of individual final judgments." *Ebrahimi*, 114 F.3d at 165.  We review a district court's determination there is no just reason for delay for abuse of discretion.  *See Lloyd Noland*, 483 F.3d at 778 n.5.  When a district court concludes Rule 54(b) certification is proper, and it supports its conclusion by clearly articulating its reasoning and providing supporting factual and legal determinations, or if the reasons are otherwise "obvious," we "will not disturb the district court's assessment unless it was clearly unreasonable." *Ebrahimi*, 114 F.3d at 166.  "This deferential standard reflects a recognition that the task of weighing and balancing the contending factors is peculiarly one for the trial judge, who can explore all the facets of a case." *Id.* (quotation marks omitted).

In its order granting the motion for Rule 54(b) certification, the district court explained there was no just reason for delay because "this case would be most efficiently resolved by avoiding the possibility of two, separate jury trials on the Title VII claims and the still-pending breach of contract claim and counterclaims, particularly because these claims arise out of the same underlying termination incident."  The court also noted Choate had indicated the resolution of the Title VII claims on appeal might increase the possibility of a settlement.

The district court's assessment there was no just reason for delay was not clearly unreasonable.  If there is no immediate

review and the parties proceed to trial, this could require two separate trials involving many of the same witnesses. Relatedly, an immediate appeal would help narrow and minimize any evidentiary disputes during any future trial. Thus, appellate review at this stage could eliminate the need for any further judicial involvement. In light of this, the district court's assessment was not clearly unreasonable, and we have jurisdiction over the court's grant of summary judgment.

## II. DISCUSSION

### A. Thomas's Testimony

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether the movant has met this burden, courts must view the evidence in the light most favorable to the non-movant. *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1263-64 (11th Cir. 2010). Nevertheless, courts "may not weigh conflicting evidence or make credibility determinations of [their] own." *Furcron v. Mail Ctrs. Plus, LLC*, 843 F.3d 1295, 1304 (11th Cir. 2016) (quotation marks omitted). Moreover, unsupported factual allegations, affidavits based on information and belief instead of personal knowledge, and mere conclusions cannot withstand a motion for summary judgment. *Ellis v. England*, 432 F.3d 1321, 1327 (11th Cir. 2005).

The district court did not abuse its discretion in excluding Thomas's testimony based on a lack of first-hand knowledge.

*Furcron*, 843 F.3d at 1304 (reviewing the district court's decisions on the admissibility of evidence for an abuse of discretion). Thomas's testimony does not meet the standard articulated in Rule 56, as he lacks personal knowledge of Cumulus's employment practices during the relevant time frame, as he was not a Cumulus employee when the termination occurred. Furthermore, he did not testify as to how Choate's termination actually occurred, and his testimony thus amounts to mere speculation. *See Ellis*, 432 F.3d at 1327. As the district court concluded, Thomas's declaration amounts to a belief that Sean Shannon was involved in Choate's termination decision because he was involved in such decisions during Thomas's employment. Such a belief is insufficient to defeat summary judgment, as it cannot create a genuine issue of material fact. *See id.* Choate's argument there is no indication Cumulus changed its employment practices following Thomas's employment is contradicted by the testimony of several current Cumulus employees. David Milner and Brian Philips, for example, testified that they, Todd McCarty, and Richard Denning, made the decision to terminate. Additionally, McCarty testified that Shannon was not involved in the decision-making or investigative process. Thus, the district court did not abuse its discretion in excluding Thomas's testimony regarding Shannon's involvement in termination decisions.

## B. *Merits of Summary Judgment*

Discrimination claims under Title VII can be brought as either mixed-motive or single-motive claims, which are different theories and serve as alternative causation standards for proving

discrimination. *Quigg v. Thomas County School Dist.*, 814 F.3d 1227, 1235 & n.4. (11th Cir. 2016). In mixed-motive cases, at summary judgment, a plaintiff pursuing a mixed-motive claim "need only produce evidence sufficient to convince a jury that: (1) the defendant took an adverse employment action against the plaintiff; and (2) a protected characteristic was *a* motivating factor for the defendant's adverse employment action." *Id.* at 1232-33 (quotation marks and alteration omitted); *see also* 42 U.S.C. § 2000e-2(m) (stating "an unlawful employment practice is established when the complaining party demonstrates that . . . sex . . . was a motivating factor for any employment practice, even though other factors also motivated the practice"). In other words, the court must determine whether "the plaintiff has presented sufficient evidence for a reasonable jury to conclude, by a preponderance of the evidence, that [his] protected characteristic was a motivating factor for an adverse employment decision." *Quigg*, 814 F.3d at 1239 (quotation marks and alterations omitted). "[T]he plaintiff will always survive summary judgment if [he] presents circumstantial evidence that creates a triable issue concerning the employer's discriminatory intent." *Id.* at 1240 (quotation marks omitted). The Court noted the mixed-motive theory of discrimination was designed to protect the employee who cannot rebut his employer's proferred reasons for an adverse action but offers evidence demonstrating the employer also relied on a forbidden consideration. *Id.* at 1237-38.

The district court did not err in granting summary judgment in favor of the Appellees. *See Alvarez*, 610 F.3d at 1263 (reviewing *de novo* a district court's grant of summary judgment, using the

same legal standards applied by the district court).  The parties agree that Cumulus took an adverse employment action against Choate.  *See Quigg*, 814 F.3d at 1232-33.  Thus, the relevant question is whether the district court erred in determining a protected characteristic, Choate's sexuality, was not a motivating factor for the adverse employment action.  *See id*.  First, the court did not err in concluding the evidence supported a finding that Shannon—the Market Manager Choate alleged was biased against him because of Choate's sexual orientation—was not involved in the termination decision.  Multiple Cumulus employees testified that Milner, Philips, and McCarty, in consultation with Denning, made the decision to suspend and terminate Choate.  The evidence supports that not even Greg Frey, who conducted most of the investigation, was involved in the final termination decision.  Similarly, Kriston Fancellas testified she was only informed of the decision after it was made.  Although various individuals forwarded emails to Shannon early on and kept him updated on the situation, the record does not support that he was involved in the actual termination decision.

Additionally, Choate's argument that Cumulus's deviation from its standard practice of including Shannon in its triple sign-off creates an inference of discrimination is unpersuasive.  The district court did not err in finding the evidence showed this policy was not always used.  For example, Frey testified the Market Manager is not always involved in termination decisions.  Milner also testified that whether a triple sign-off for termination is used "depends on the situation."  Philips also noted the Market Manager is not always involved in termination decisions and that "something of this

scale" would likely rise to McCarty, Milner, Denning, and himself alone. Thus, the record does not support a finding that Cumulus deviated from its standard termination policy, and this does not create an inference of discrimination.

As to Choate's argument regarding the Appellees' favorable treatment of Corey Dylan, the record shows they believed Dylan's behavior was dissimilar to Choate's. Dylan was accused of being rude and belligerent because she was not recognized and not allowed in the VIP lounge. Conversely, Choate was accused of yelling at Live Nation employees, threatening their jobs, calling them "fat and stupid," and requiring the head of security be called to the VIP lounge to handle the situation. Additionally, Choate was accused of grabbing a person's butt and grinding on their leg, both without the other person's consent. Frey testified the investigation into Dylan "did not dig up any other incidents other than just her not being where she should be and not being very nice." Frey also noted "[t]he level of allegations directed toward Choate far outweighed what was directed towards Corey Dylan." Milner similarly explained that, although the allegations against both Choate and Dylan were concerning, those against Choate were "much more severe and much more concerning." The district court did not err in concluding a reasonable jury would not find that Cumulus's different treatment of Choate and Dylan demonstrated discrimination.

### III.  CONCLUSION

The district court's certification of its grant of partial summary judgment as a final and appealable order under Federal Rule of Civil Procedure 54(b) was proper.  The district court did not abuse its discretion in excluding Thomas's testimony and the district court did not err in granting summary judgment in favor of the Appellees on Choate's Title VII claims.

**AFFIRMED.**