[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-11145

Non-Argument Calendar

_____

THE BAPTIST COLLEGE OF FLORIDA INC,

　　　　　　　　　Plaintiff-Counter Defendant-Appellee,

*versus*

CHURCH MUTUAL INSURANCE COMPANY SI,

　　　　　　　　　Defendant-Counter Claimant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 5:22-cv-00158-MW-MJF

_____

Before BRANCH, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

We issued a jurisdictional question asking the parties to address whether the district court's certification of a final judgment under Federal Rule of Civil Procedure 54(b) was proper. Appellant Church Mutual Insurance Company ("Church Mutual") seeks review of the district court's March 29, 2024 partial final judgment in favor of The Baptist College of Florida ("Baptist College") on Baptist College's breach of contract claim. The court certified its order for immediate review under Rule 54(b) and stayed proceedings on Baptist College's bad faith claims.

We conclude that the district court did not properly certify its order for immediate review under Rule 54(b). Specifically, the court abused its discretion in determining that there was no just reason for delay. *See Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007) (holding that to certify a case for immediate appeal under Rule 54(b), a district court must determine, *inter alia*, that there is no just reason for delay).

As a preliminary matter, the district court did not provide any reasoning or explanation for its certification decision other than noting that balancing the relevant judicial administrative interests and equitable concerns revealed no just reason for delay. *See Scott v. Advanced Pharm. Consultants, Inc.*, 84 F.4th 952, 962 (11th Cir. 2023) (noting that mere recitation of the legal standard and a conclusion that the standard has been met is sufficient reason to

find the Rule 54(b) certification improper). We therefore accord no deference to the district court's certification. *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 166-67 (11th Cir. 1997).

Here, the "special circumstances" we have identified as warranting departure from the federal policy against piecemeal appeals are not present. *See Peden v. Stephens*, 50 F.4th 972, 978-79 (11th Cir. 2022); *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 723 (11th Cir. 2021); *Ebrahimi*, 114 F.3d at 168. The Rule 54(b) certification did not occur at a particularly early stage in the litigation, but after summary judgment was entered on the breach of contract claim. *See Doe #1*, 21 F.4th at 723; Fla. Stat. § 624.155 (providing that a bad faith claim is not ripe until the underlying breach of contract claim has been resolved in favor of the insured). All discovery for the breach of contract claim appears to have been completed. *See Doe #1*, 21 F.4th at 723. And there is only one plaintiff and one defendant in this action. *Id.*

Further, what the parties have identified as potential hardship or injustice associated with delaying appellate review until final resolution of the action are the normal consequences of litigation. While delaying appeal until final judgment on all claims may result in a trial, relitigation of some issues after the appeal, and increased litigation expenses, those typical consequences are not obvious reasons to permit an immediate appeal. *See Ebrahimi*, 114 F.3d at 165-67 (explaining that Rule 54(b) should be limited to instances in which immediate appeal would alleviate some particular danger of hardship or injustice associated with delay and

emphasizing that district courts must balance judicial administrative interests with relevant equitable concerns).  The parties have not shown that resolving this current appeal in Church Mutual's favor would avoid further litigation on the contract claim, and the record does not support that it would.  Even if we directed the district court to vacate the summary judgment in favor of Baptist College and to enter summary judgment in favor of Church Mutual on its affirmative defenses, the district court would need to determine the appropriate amount due under the contract.  This is not the unusual case in which the litigants' needs outweigh the costs and risks of multiplying the proceedings.  *See Ebrahimi*, 114 F.3d at 166 (stating that Rule 54(b) certifications are reserved for the unusual case in which the litigants' needs outweigh the costs and risks of multiplying the proceedings and overcrowding the appellate docket).

For these reasons, the district court's Rule 54(b) certification was improper.  Accordingly, this appeal is DISMISSED for lack of jurisdiction.