[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-11982

Non-Argument Calendar

_____

JERDO ROBERT NEWSON,

Plaintiff-ThirdParty Defendant-Appellant,

ATLANTIC SPECIALTY INSURANCE COMPANY,

ThirdParty Plaintiff,

*versus*

EVA HERNANDEZ,
BADGER STATE WESTERN INC,

Defendants-ThirdParty Defendants-Appellees,

JON LANCE GARBER, et al.,

2                          Opinion of the Court                    23-11982

Defendants.

_____

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-02133-CAP

_____

Before JORDAN, ROSENBAUM, and JILL PRYOR, Circuit Judges.

PER CURIAM:

We issued jurisdictional questions asking the parties to address whether the relevant pleadings sufficiently established the district court's diversity jurisdiction, whether the district court's certification of a final judgment under Federal Rule of Civil Procedure 54(b) was proper, and several other jurisdictional issues.  We then remanded this case to the district court for the limited purpose of determining whether diversity jurisdiction existed in the first instance.  On remand, the district court concluded that the parties were completely diverse and that it thus had diversity jurisdiction. We now turn to the remaining jurisdictional issues.

Appellant Jerdo Robert Newson seeks review of the district court's March 9, 2023 order entering summary judgment in favor of Eva Hernandez and Badger State Western, Inc., which it certified for immediate appellate review under Rule 54(b).  Following issuance of that order, Newson settled his claims against remaining defendants Jon Lance Garner and KeHE Enterprises, LLC, and the

23-11982                Opinion of the Court                3

district court dismissed those claims with prejudice.  The sole remaining claim is third-party plaintiff Atlantic Specialty Insurance Company's ("Atlantic") cross-claim against Newson.  While those parties have agreed to a resolution of the claim, a settlement has not been finalized, and neither the parties nor the district court have dismissed the cross-claim.

We conclude that the district court did not properly certify its March 9, 2023 order for immediate review under Rule 54(b).  Specifically, the district court abused its discretion in determining that there was "no just reason for delay."  *See Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007) (holding that to certify a case for immediate appeal under Rule 54(b), a district court must determine, *inter alia*, that there is "no just reason for delay").

As a preliminary matter, the district court did not provide any reasoning or explanation for its certification decision other than noting that no issues remained for its resolution.  It simply stated, summarily, that there was no just reason for delay.  We therefore accord no deference to the district court's certification.  *See Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 166-67 (11th Cir. 1997); *see also Scott v. Advanced Pharm. Consultants, Inc.*, 84 F.4th 952, 962 (11th Cir. 2023) (noting that when a district court merely concludes, without further explanation, that there is no just reason for delay, "th[at] alone offers sufficient reason to find the Rule 54(b) certification improper").

Here, the "special circumstances" we have identified as warranting departure from the historic federal policy against piecemeal appeals are not present. *See Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 722-23 (11th Cir. 2021); *Peden v. Stephens*, 50 F.4th 972, 978-79 (11th Cir. 2022). The Rule 54(b) certification did not occur at an early stage in the litigation, but at the very end, when there are essentially no substantive proceedings remaining. There is no substantial discovery to be had, and all liability issues appear to be resolved. Nor are there a particularly large number of defendants in this action—there were four—and, as mentioned above, the two not involved in the summary judgment proceedings were previously dismissed.

Further, neither the parties nor the district court have identified any particular dangers of hardship or injustice associated with delaying appellate review until final resolution of the action, and our review of the record reveals no obvious reason to permit an immediate appeal at this time. *See Peden*, 50 F.4th at 978 (explaining that Rule 54(b) certification should be limited to "instances in which immediate appeal would alleviate some particular danger of hardship or injustice associated with delay"). It instead appears that delaying appellate review until Atlantic's cross-claim against Newson is finally resolved will cause nothing more than inconvenience to the parties, which is not the type of circumstance that warrants Rule 54(b) certification.

For these reasons, the district court's Rule 54(b) certification was improper. Because the district court has still not finally

23-11982              Opinion of the Court                    5

resolved all claims against all parties in this action, the district court's March 9, 2023 order is not final or immediately appealable. *See* 28 U.S.C. § 1291; *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (explaining that an order disposing of fewer than all claims against all parties to an action is not final or immediately appealable absent certification under Rule 54(b)). We thus lack jurisdiction to consider this appeal and need not consider the remaining jurisdictional issues.

Accordingly, this appeal is DISMISSED for lack of jurisdiction.