[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-11287

Non-Argument Calendar

_____

BENJAMIN BEDOGWAR ORYANG,

Plaintiff-Appellant,

*versus*

BILLY MITCHUM, et al.,

Defendants,

MS. WAUGH,
DR. PERRYMAN,
DR. BELL,
LIEUTENANT PARKER,
JOSEPH H. HEADLEY,

2                    Opinion of the Court                    24-11287

TEHUM CARE SERVICES, INC., et al.,

                                              Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:21-cv-00023-ECM-CWB

_____

Before WILSON, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

This appeal stems from Benjamin Oryang's civil action raising deliberate indifference and Americans with Disabilities Act (ADA) claims against multiple defendants, including Corizon LLC (Corizon) (now operating under the name Tehum Care Services, Inc.). On March 26, 2024, the district court granted multiple defendants' motions for summary judgment but held Corizon's motion for summary judgment in abeyance due to the automatic stay stemming from Corizon's bankruptcy proceedings. It concluded, without explanation, that there was no just reason for delay under Fed. R. Civ. P. 54(b) and that final judgment would be entered as to the defendants whose motions for summary judgment it granted. It entered its Rule 54(b) judgment the same day. Oryang appeals the Rule 54(b) judgment.

On appeal, we issued a jurisdictional question asking the parties to address whether the district court properly certified an immediately appealable judgment under Rule 54(b).  Upon review of the record and the parties' responses, we conclude that the Rule 54(b) certification was improper, and therefore we lack jurisdiction over the appeal.

We generally only have jurisdiction to review district court orders or judgments that constitute "final decisions."  28 U.S.C. § 1291; *CSX Transp., Inc. v. City of Garden City*, 235 F.3d 1325, 1327 (11th Cir. 2000).  But an exception to the finality requirement arises under Rule 54(b), which permits a district court to certify as "final," and therefore immediately appealable, a judgment resolving fewer than all the claims in an action.  Fed. R. Civ. P. 54(b); *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012).

If a district court makes a Rule 54(b) certification, we must consider whether the certification "fit[s] within the scope of the rule," for only a proper certification can provide us with jurisdiction.  *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007).  Thus, we are obligated to review the propriety of Rule 54(b) certifications *sua sponte* when there is no other basis for appellate jurisdiction.  *See Scott v. Advanced Pharm. Consultants, Inc.*, 84 F.4th 952, 958, 962 (11th Cir. 2023).

A district court "must follow a two-step analysis" in certifying a partial final judgment under Rule 54(b).  *Lloyd Noland Found., Inc.*, 483 F.3d at 777.  First, it must conclude that the "final judgment" it is entering is both "final" and a "judgment."  *Id.*  Second,

it must determine that there is no just reason for delay. *Id.* We can dismiss an appeal because the district court failed to satisfy one of Rule 54(b)'s requirements without addressing the other requirement. *Peden v. Stephens*, 50 F.4th 972, 978 (11th Cir. 2022).

We ordinarily will review for abuse of discretion the district court's determination that there is no just reason for delay in certifying a partial final judgment. *Scott*, 84 F.4th at 959. But this standard of review requires that the district court "clearly and cogently articulate[d] its reasoning." *Id.* (quotation marks and brackets omitted). When the district court fails to explain its "no just reason for delay" determination, we do not defer to the determination and instead will dismiss the appeal unless it presents the rare circumstance where obvious reasons warranted the Rule 54(b) certification. *Id.* at 959, 962.

Here, the district court determined that there was no just reason for delay, but it provided no explanation of its reasoning to which we can defer. *See id.* And no obvious reasons warrant Rule 54(b) certification here. The below proceedings are almost entirely concluded: discovery appears complete, and a small number of the total claims remain pending. *See Peden*, 50 F.4th at 978–79 (explaining that special circumstances that can warrant Rule 54(b) certification may be present where the proceedings are at an early stage). Given the later stage of the proceedings, an immediate appeal is unlikely to meaningfully streamline the district court proceedings. *See id.* (explaining that Rule 54(b) certification is more likely to be warranted where an immediate appeal makes the remaining

litigation substantially more efficient).  Furthermore, an interlocutory appeal could require multiple panels of this Court to review this district court docket, requiring two separate reviews of factually similar claims.  *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 167 (11th Cir. 1997) (providing that adjudicating claims based on the same, or overlapping, operative facts in separate appeals is wasteful of judicial resources).

Moreover, Oryang has not identified a pressing need for an immediate appeal.  His argument that Corizon's bankruptcy proceedings could indefinitely delay the conclusion of the district court action is insufficient because he does not argue that this delay will result in any particular harm other than inconvenience.  *See Peden*, 50 F.4th at 978–79 (concluding, while reviewing under the deferential abuse of discretion standard, that the district court abused its discretion by concluding that there was no just reason for delay based on potentially substantial delay due to the coronavirus pandemic because there was no indication that the delay would result in any harm other than inconvenience).  Oryang also argues that, even if the district court was incorrect in certifying a judgment as to his deliberate indifference claims under Rule 54(b), the no just reason for delay determination was correct as to his ADA claims because he has no ADA claim against Corizon and his ADA claims concern distinct legal and factual issues.  But that shows, at most, that the interests of judicial administration weigh less heavily against an immediate appeal; it does not establish any pressing need for an immediate appeal.  And, regardless of the merit of Oryang's argument, we remain convinced that the interests of judicial

6                      Opinion of the Court                      24-11287

administration weigh against an immediate appeal for the reasons discussed above.

Given the procedural posture of this case and the lack of a pressing need for an immediate appeal, we conclude that there are no "obvious reasons" supporting the district court's unexplained determination that there was no just reason for delay. Thus, the Rule 54(b) certification was improper, and because the appeal is not otherwise taken from a final or appealable order, it must be dismissed.

Accordingly, this appeal is DISMISSED for lack of jurisdiction.