[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-14074

Non-Argument Calendar

_____

MICHAEL STEVEN RATLEY,

Plaintiff-Appellant,

*versus*

SECRETARY, FLORIDA DEPARTMENT OF CORRECTIONS,
MR. PALMER,
GLENN ERVIN YOUNG,
GERALD STEWART,
E. BURKETT,

Defendants-Appellees,

CORIZON MEDICAL, et al.,

2                    Opinion of the Court                    23-14074

                                                          Defendants.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:21-cv-00598-MMH-LLL

_____

Before WILSON, JORDAN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Appellant Michael Ratley seeks review of the district court's September 8, 2023 order entering summary judgment in favor of Ira Lee, Leslie Colombani, Jason Brenes-Catinchi, and Richard Laubaugh (collectively, "medical defendants"). The district court certified the order for immediate appellate review under Federal Rule of Civil Procedure 54(b). Ratley's claims against the Secretary of the Florida Department of Corrections and four individual defendants remain pending.

We asked the parties to address whether the district court's Rule 54(b) certification is sufficient to vest us with jurisdiction to entertain the appeal. Upon review of the record and the parties' responses, we conclude that the district court erred in determining that there was "no just reason for delay." *See Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007) (holding that to certify a case for immediate appeal under Rule

54(b), a district court must determine, *inter alia*, that there is "no just reason for delay").

The district court failed to provide a reason or explanation for its certification. It summarily stated that there was no just reason for delay. We therefore accord no deference to the district court's certification. *See Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 166–67 (11th Cir. 1997); *see also Scott v. Advanced Pharm. Consultants, Inc.*, 84 F.4th 952, 962 (11th Cir. 2023) (noting that when a district court merely concludes, without further explanation, that there is no just reason for delay, "th[at] alone offers sufficient reason to find the Rule 54(b) certification improper").

The "special circumstances" we have identified as warranting departure from the historic federal policy against piecemeal appeals are not present. *See Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 722–23 (11th Cir. 2021); *Peden v. Stephens*, 50 F.4th 972, 978–79 (11th Cir. 2022). The Rule 54(b) certification was not made at an early stage of the litigation, but over three years after Ratley's initiation of the suit. Additionally, there are not a particularly large number of defendants in this suit. Other than the four medical defendants, there is one defendant who was previously dismissed and five other defendants against whom claims remain pending.

Further, neither the parties nor the district court have identified any particular dangers of hardship or injustice associated with delaying appellate review until final resolution of the action, and our review of the record reveals no obvious reason to permit an immediate appeal at this time. *See Peden*, 50 F.4th at 978 (explaining

that Rule 54(b) certification should be limited to "instances in which immediate appeal would alleviate some particular danger of hardship or injustice associated with delay"). We conclude that delaying appellate review of the court's order granting summary judgment until after resolution of Ratley's claims against the remaining defendants will, at most, inconvenience the parties, and mere inconvenience does not warrant Rule 54(b) certification.

Because the district court has not finally resolved all claims against all parties in this action, its September 8, 2023 order is not final or immediately appealable. *See* 28 U.S.C. § 1291; *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1246 (11th Cir. 2012) (explaining that an order disposing of fewer than all claims against all parties to an action is not final or immediately appealable absent certification under Rule 54(b)). We thus lack jurisdiction.

Accordingly, this appeal is DISMISSED for lack of jurisdiction. All pending motions are DENIED as moot.