[PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-14136

_____

AMERISURE INSURANCE COMPANY,
AMERISURE MUTUAL INSURANCE COMPANY,

Plaintiffs-Counter Defendants-Appellees,

*versus*

THE AUCHTER COMPANY, et al.,

Defendants,

LANDMARK AMERICAN INSURANCE COMPANY,

Defendant-Cross Claimant-Appellant.

_____

2                    Opinion of the Court                    22-14136

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:16-cv-00407-BJD-LLL

_____

Before BRANCH, LUCK, and TJOFLAT, Circuit Judges.

BRANCH, Circuit Judge:

This appeal involves an insurance dispute concerning coverage for defects and delays in the construction of an office building in Jacksonville, Florida. After reviewing the record and with the benefit of oral argument, we conclude that we lack jurisdiction and dismiss the appeal.

## I.        Background

Riverside Avenue Partners, Ltd. ("RAP") contracted with the Auchter Company to build a 13-story office building. Plagued by delays and water intrusion, RAP eventually filed a lawsuit in Florida state court. RAP sought a declaratory judgment establishing Auchter's liability (as well as that of Arch Insurance Company, Auchter's surety), and sought damages for breach of the contract and performance bond.

Arch filed a counterclaim against RAP, seeking payment of the construction contract balance and for approved change orders, as well as for payment of additional disputed charges and delay damages. Arch and Auchter also filed a third-party complaint against TSG Industries, Inc., the window subcontractor, and other subcontractors as third-party defendants for contractual indemnity

22-14136               Opinion of the Court                    3

and breach of contract, alleging that RAP's claims implicated their scope of work on subcontracts.

Landmark American Insurance Company, TSG's insurer, acknowledged Auchter as an additional insured under TSG's contractually-mandated policy, but ultimately refused to defend Auchter. As a result, Amerisure,[1] Auchter's primary insurance provider, defended Auchter under a reservation of rights.

After a trial, the state court entered judgment (1) in favor of RAP against Auchter and Arch; (2) in favor of Arch against TSG; and (3) in favor of Auchter and Arch against B&B of Duval Companies, Inc., the subcontractor responsible for curbs, storm drainage, and landscaping.

After the state court judgment was entered, Amerisure filed this lawsuit in federal court. Amerisure sued Landmark, Auchter, Arch, RAP, TSG, and B&B, seeking a declaration that it owed no duty to indemnify Auchter and Arch, and demanding reimbursement from Landmark for the cost of defending Auchter. The parties asserted numerous crossclaims and counterclaims,[2]

---

[1] The pleadings refer to Amerisure Insurance Company and Amerisure Mutual Insurance Company collectively as "Amerisure," so we do the same.

[2] Specifically,

- Arch filed a counterclaim against Amerisure, seeking a declaration that Amerisure had a duty to indemnify Arch as an assignee and/or subrogee of Auchter in connection with the underlying state court lawsuit;

notably including Landmark's crossclaim against TSG, seeking a declaration that, under TSG's policy with Landmark, Landmark had no duty to defend or to indemnify TSG in connection with the underlying state court lawsuit.

Years later, after numerous summary judgment motions and orders, and following a settlement between Arch and Amerisure, the district court granted Amerisure's motion for entry of final judgment against Landmark—and only Landmark—finding

---

- Arch, as an assignee and/or subrogee of Auchter, also asserted a breach of contract counterclaim against Amerisure for the settlement amounts paid in satisfaction of the underlying state court final judgment;

- Arch, as assignee and/or subrogee of Auchter, filed a crossclaim against Landmark, seeking a declaration that Arch is entitled to indemnity and to damages for breach of contract as a third-party beneficiary;

- Landmark asserted crossclaims against Auchter, Arch, and TSG seeking a declaration that Landmark had no duty to defend or to indemnify them in connection with the underlying lawsuit; and, finally,

- Landmark brought a counterclaim against Amerisure, seeking a declaration that it owed no payment to Amerisure relating to the underlying state court lawsuit and Auchter's defense costs.

22-14136              Opinion of the Court                    5

that Amerisure was entitled to attorney's fees and costs.[3]  The district court purported to enter a final judgment in the case.[4]

This appeal followed.

## II.    Standard of Review

When appropriate, we review a district court's ruling on a motion for summary judgment *de novo*, viewing the record and drawing all reasonable inferences in the light most favorable to the non-moving party.  *Stephens v. Mid-Continent Cas. Co.*, 749 F.3d 1318, 1321 (11th Cir. 2014).  But we also have an independent obligation to determine whether appellate jurisdiction exists in each case, regardless of whether the parties raised that issue.  *Reaves v. Sec'y, Fla. Dep't of Corr.*, 717 F.3d 886, 905 (11th Cir. 2013).

---

[3] The district court also granted a motion to substitute Amerisure in place of Arch following a settlement and assignment of claims and dismissed Arch from the action.

[4] Before oral argument, we ordered the parties to file supplemental briefs addressing whether the district court had entered a final, appealable order—including whether all claims against Auchter, TSG, and B&B had been resolved.  The parties responded jointly, arguing that appellate jurisdiction exists under 28 U.S.C. § 1291 because TSG and B&B are merely "nominal parties to be bound" since, "in the Underlying Action, they were found to be liable to Arch and Auchter[.]"  The parties further submit that there are no remaining claims against Auchter because it assigned away its rights to Arch, who later assigned them to Amerisure, who then took Arch's place in the lawsuit, and then won the judgment it sought in this case.

### III.   Discussion

"Federal appeals courts have jurisdiction over final decisions of the district courts." *Supreme Fuels Trading FZE v. Sargeant*, 689 F.3d 1244, 1245 (11th Cir. 2012). The statute conferring that jurisdiction provides that "[t]he courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . except where a direct review may be had in the Supreme Court." 28 U.S.C. § 1291. "There are [some] exceptions to the final judgment rule," but the parties here "do[ ] not argue . . . that any of the exceptions apply." *Supreme Fuels*, 689 F.3d at 1245 n.1 (citing *Haney v. City of Cumming*, 69 F.3d 1098, 1101 n.5 (11th Cir. 1995)).

"A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). "'[A]n order adjudicating fewer than all the claims in a suit . . . is not a final judgment from which an appeal may be taken,' unless 'the district court properly certifies as "final" under Rule 54(b), a judgment on fewer than all claims or parties.'" *Supreme Fuels*, 689 F.3d at 1246 (alteration in original) (quoting *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007)); *see also* Fed R. Civ. P. 54.

The purported final judgment here does not dispose of all claims against all parties, so it is not final. "We have repeatedly held that the entry of judgment is not enough to supply jurisdiction—even when that judgment is labeled a 'final'

judgment—where a district court failed to dispose of all claims." *Gov't Emps. Ins. Co. v. Glassco, Inc.*, 58 F.4th 1338, 1345 (11th Cir. 2023). Landmark asserted, in its crossclaim against TSG, that it had no duty to defend or indemnify TSG in the underlying action. The various summary judgment orders do not dispense with that claim. The purported final judgment contains no disposition of that claim. *Id.* at 1346 ("Looking to the substance," there is "no final order here."). And, despite the absence of any disposition on this claim, there is no Rule 54(b) order authorizing an appeal. *See Supreme Fuels*, 689 F.3d at 1246.

Amerisure suggests, in post-argument briefing, that the declaratory judgments issued below fully answered any questions relating to Landmark's obligations to TSG. But even if Landmark's duty to indemnify other parties *effectively* answered the question of its duty to indemnify TSG—a premise Amerisure has not explained—its reasoning still confuses resolving abstract *issues* with tangible *claims*. *See id.* (An order is not a final judgment if it "adjudicat[es] fewer than all the *claims* in a suit[.]" (emphasis added)).[5] Thus, the claims against TSG remain pending.

---

[5] Amerisure further contends that any deficiency was cured at oral argument in *this* court, on appeal, when Landmark represented that it would abandon its claim against TSG. We disagree. We have never held that a promise at oral argument to abandon a claim can finalize an order that was not final when the appeal was taken. But even if we *could* credit Landmark's purported abandonment of its claim against TSG at oral argument, *see Tiernan v. Devoe*, 923 F.2d 1024, 1031 (3d Cir. 1991) (concluding that the court had jurisdiction following the plaintiffs' intention to renounce any further action against a defendant, even though "at the time [the] appeal was filed, jurisdiction under

"With claims outstanding, we lack jurisdiction" and must dismiss. *See Id.* at 1246.[6]

**APPEAL DISMISSED.**

---

28 U.S.C. § 1291 was lacking"), "[w]e are not bound by [Landmark's] concession, and we [would] decline to accept it." *United States v. Colston,* 4 F.4th 1179, 1187 (11th Cir. 2021). "[I]t is well settled in this Circuit that parties to a suit cannot agree to grant this Court appellate jurisdiction." *State Treasurer of Mich. v. Barry*, 168 F.3d 8, 13 (11th Cir. 1999) (citing *Constr. Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1336 (11th Cir.1998)).

And, to the extent that the parties are suggesting that Landmark somehow abandoned its claim against TSG below, "abandonment" is not the way to dismiss a party from an action. Federal Rule of Civil Procedure 41(a) is the proper vehicle to dismiss "all of [a plaintiff's] claims against a particular defendant." *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004); *Rosell v. VMSB, LLC*, 67 F.4th 1141, 1144 (11th Cir. 2023). The plaintiff can do so in one of three ways: (1) by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment," (2) by filing "a stipulation of dismissal signed by all parties who have appeared," or (3) by obtaining a court order. Fed. R. Civ. P. 41(a). Landmark did not do any of these things.

[6] Though Landmark's pending claim against TSG suffices to resolve this case, we note that there is also no disposition on the record as to Auchter and B&B. The Clerk entered a default against Auchter and TSG, but not B&B, and default judgment was not entered against any of them. *Arango v. Guzman Travel Advisors*, 761 F.2d 1527, 1530–31 (11th Cir. 1985) (explaining that a clerk's entry of default is not a final judgment and is not the same as the entry of a default judgment). The parties suggest that B&B is merely a "nominal part[y] to be bound," and that there are no substantive claims pending against Auchter, *see supra*, note 4. We express no opinion on the merits of those arguments, but instead commend them to the district court's attention on remand.