**FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-12020

_____

GREAT LAKES INSURANCE SE,

*Plaintiff-Counter Defendant-Appellant,*

*versus*

BRYAN CRABTREE,
BETHEA CRABTREE,

*Defendants-Counter Claimants-Appellees,*

M&T BANK,

*Defendant.*

2                       Opinion of the Court                    23-12020

———————————————

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:20-cv-81544-RKA

———————————————

Before NEWSOM, LAGOA, and KIDD, Circuit Judges.

NEWSOM, Circuit Judge:

Seeking to avoid liability on an insurance policy for a boat fire, Great Lakes Insurance filed a declaratory-judgment action against Bryan and Bethea Crabtree in the United States District Court for the District of Montana. The ensuing litigation has followed a long and winding road, but for present purposes a few events are particularly important. Most importantly, Great Lakes twice voluntarily dismissed its complaints: first in the District of Montana, and then again in a follow-on suit brought in the United States District Court for the Southern District of Florida. It then filed a third case, back in the District of Montana, which was subsequently transferred *back* to the Southern District of Florida. Not long thereafter, that court granted summary judgment to the Crabtrees under Federal Rule of Civil Procedure 41(a)(1)(B), which states that a second voluntary dismissal constitutes an "adjudication on the merits." Because we conclude that the second dismissal operated as a dismissal with prejudice, we **AFFIRM**.

# I

## A

The Crabtrees purchased an insurance policy from Great Lakes to cover their boat. The boat suffered extensive fire damage while stored at a service facility in Riviera Beach, Florida. The Crabtrees demanded payment under the policy. Great Lakes denied coverage, maintaining that the Crabtrees hadn't complied with the policy's conditions.

## B

Great Lakes sued the Crabtrees in the District of Montana, seeking a declaratory judgment that the policy didn't cover their claim. Why Montana? Because the Crabtrees had listed a Montana address on their insurance application, and the policy's forum-selection clause provided that policy disputes would be subject to the jurisdiction of the policyholder's listed address.

For reasons of their own, the parties agreed that Great Lakes would voluntarily dismiss the Montana suit and refile in the Southern District of Florida—hereinafter, to avoid ongoing clunkiness, "SDFL"—with the understanding that the Crabtrees wouldn't contest service, venue, or personal jurisdiction there. Great Lakes also wanted the Crabtrees to answer the new, SDFL suit once it was filed, but to that request, the Crabtrees didn't agree. Even so, Great Lakes filed a notice of voluntary dismissal without prejudice in the District of Montana.

The next day, Great Lakes filed the new declaratory-judgment action against the Crabtrees in SDFL. The Crabtrees responded by counter-suing Great Lakes in Florida state court and moving to stay or dismiss the SDFL lawsuit pending resolution of their state-court action. Great Lakes asserts that in so doing the Crabtrees "breached both the agreement between the parties and the . . . forum selection clause." Br. of Appellant at 18. Importantly, though, rather than respond to the Crabtrees' motion, Great Lakes voluntarily dismissed its SDFL lawsuit.

The same day it dismissed the SDFL action, Great Lakes filed this suit—its third—back in the District of Montana. The Crabtrees promptly moved to dismiss. In their reply brief in support of that motion, the Crabtrees argued for the first time that Great Lakes's suit violated Federal Rule of Civil Procedure 41(a)(1)(B), which, in relevant part, provides as follows: "[I]f the plaintiff [has] previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). Great Lakes's third action, the Crabtrees argued, was "barred by the preclusive effect of [the] adjudication on the merits" resulting from the second, SDFL dismissal. The district court allowed Great Lakes to file a supplemental brief responding to the Crabtrees' two-dismissal theory. Great Lakes asserted that because the first, Montana dismissal was pursuant to an agreement between the parties, counting it wouldn't serve the purpose of Rule 41(a)(1)(B)'s two-dismissal rule. Therefore, their argument went, the rule shouldn't apply.

Looking to Rule 41(a)(1)(B)'s "purpose" and citing courts that had done the same—including, most notably, the Second Circuit in *Poloron Products, Inc. v. Lybrand Ross Bros. & Montgomery*, 534 F.2d 1012 (2d Cir. 1976)—the Montana court denied the Crabtrees' motion to dismiss "[b]ecause it appear[ed] that the prior dismissals [we]re attributable to gamesmanship on the[ir] part." Order Den. Mot. to Dismiss at 3–4, Dkt. No. 20. The court reasoned that applying the Rule's plain text wouldn't make sense "[b]ecause Great Lakes reasonably relied on the representations made by the Crabtrees' counsel" when dismissing the first case; accordingly, the court held, the first dismissal didn't qualify for Rule 41(a)(1)(B) purposes. *Id.* at 4.

The case then took an even stranger turn. After the Crabtrees answered Great Lakes's complaint in the Montana action and Great Lakes successfully moved to dismiss the Crabtrees' Florida state-court lawsuit, the Crabtrees filed a consented-to motion to transfer Great Lakes's Montana suit *back* to SDFL. At that point, all that remained was the one federal action—in SDFL.

When the case landed back in SDFL, the district court ordered summary-judgment briefing on the Rule 41(a)(1)(B) issue. As the court explained, it was undisputed (1) "that Great Lakes voluntarily dismissed two identical actions," (2) "that the parties agreed to the first voluntary dismissal," and (3) "that [Great Lakes] unilaterally took the second dismissal." Order Directing Summ. J. Briefing at 2, Dkt. No. 193. This, the court said, left it "with a pure question of law: Did Great Lakes violate Rule 41 by bringing the

same claims after having taken two voluntary dismissals—the first of which was with the [Crabtrees'] consent?" *Id.* at 3.

The district court granted summary judgment to the Crabtrees, ruling that the "two-dismissal rule means precisely what it says." Summ. J. Order at 2, Dkt. No. 208 (citation modified). Based on Rule 41(a)(1)(B)'s plain text, the court concluded that the two-dismissal rule applies even when one of the plaintiff's dismissals was by agreement. The court rejected Great Lakes's appeals to the "purposes" of res judicata doctrine, which the court said couldn't supersede the Rule's language. The court also rejected Great Lakes's suggestion that it couldn't reconsider the Montana court's conclusion, reasoning that it was "well within [its] discretion to correct" that decision because it "was wrong" and because no final judgment had been entered. *Id.* at 14 n.20.

This is Great Lakes's appeal.[1]

## II

We must decide whether, under Rule 41(a)(1)(B), Great Lakes's second voluntary dismissal foreclosed further litigation of its declaratory-judgment claim, such that summary judgment in

---

[1] We review de novo a district court's summary judgment order and its interpretation of the Federal Rules of Civil Procedure. *Amerisure Ins. Co. v. Auchter Co.*, 94 F.4th 1307, 1310 (11th Cir. 2024) (summary judgment); *Hemispherx Biopharma, Inc. v. Johannesburg Consol. Invs.*, 553 F.3d 1351, 1360 (11th Cir. 2008) (Federal Rules).

favor of the Crabtrees was proper.  We hold that it did and, therefore, that it was.

## A

"Rule 41(a)(1) means precisely what it says," *Est. of West v. Smith*, 9 F.4th 1361, 1367 (11th Cir. 2021) (citation modified), so we "look to the plain language of the rule and read it as a whole," *ASX Inv. Corp. v. Newton*, 183 F.3d 1265, 1267 (11th Cir. 1999).  We do not "[e]levat[e] general notions of purpose over the plain meaning of the text," as doing so would be "inconsistent with our judicial duty to interpret the law as written." *Villarreal v. R.J. Reynolds Tobacco Co.*, 839 F.3d 958, 970 (11th Cir. 2016) (en banc).  Under Rule 41, a plaintiff can "dismiss an action without a court order by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment."  Fed. R. Civ. P. 41(a)(1)(A)(i) (citation modified).  And by default, any such dismissal shall be "without prejudice." *Id*. 41(a)(1)(B).  Importantly for our purposes, though, the Rule continues on:  "[I]f the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." *Id*.

Helpfully, the parties here agree on some fundamentals.  Most fundamentally, they agree that Rule 41 applies.  They also agree that Great Lakes previously dismissed two actions based on the same claim that it presses in the current suit.  And finally, they agree that, per Rule 41(a)(1)(B)'s plain language, Great Lakes's second dismissal "operate[d] as an adjudication on the merits."

Citing the Second Circuit's decision in *Poloron Products*, though, Great Lakes insists that there exists an exception to what it considers Rule 41(a)'s "res judicata" effect. Under *Poloron Products*, Great Lakes asserts, we should decline to enforce Rule 41 when doing so wouldn't advance the Rule's preclusion-related purpose—namely, "to prevent an unreasonable use of the plaintiff's unilateral right to dismiss an action prior to the filing of the defendant's responsive pleading." 534 F.2d at 1017. And, Great Lakes continues, that purpose wouldn't be served by dismissing its claim when, as was the case in *Poloron Products*, one of the two prior dismissals was accomplished pursuant to an agreement between the parties. As Great Lakes says, quoting the Second Circuit, "[a] dismissal by stipulation is not a unilateral act" by the plaintiff, so the fear of unilateral abuse "diminishes." *Id.*

We see the case differently. We needn't get into res judicata or that doctrine's underlying purposes in order to decide this case. As we'll explain, under Rule 41(a)(1)(B)—at least as authoritatively interpreted by the Supreme Court—a second voluntary dismissal operates as a dismissal with prejudice. And once Great Lakes suffered a with-prejudice dismissal, it couldn't again seek to litigate the same claim in the same court.

We begin, of course, with the text. Rule 41(a)(1)(B)—the particular provision at issue—begins by establishing a without-prejudice default rule for voluntary dismissals: "Unless the notice or stipulation states otherwise, the dismissal is *without prejudice*." Fed. R. Civ. P. 41(a)(1)(B) (emphasis added). Critically, though, the Rule

goes on to establish an exception applicable to second dismissals: "But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an *adjudication on the merits*." *Id.* (emphasis added). What, exactly, is an "adjudication on the merits"? The Rule's structure—and, in particular, the term "But," which connects the provision's two sentences—confirms that an "adjudication on the merits" is the "opposite of a 'dismissal without prejudice'"—*i.e.*, a dismissal *with* prejudice. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001).

Happily, that conclusion doesn't rest entirely on inferences from logic and the Rule's structure: The Supreme Court has told us—twice—that, within the meaning of Rule 41, an "adjudication on the merits" *is* a dismissal with prejudice. First, in *Cooter & Gell v. Hartmarx Corp.*, the Court observed that a plaintiff's second Rule 41(a)(1) dismissal of the same claim—like Great Lakes's second dismissal here—"must be dismissed with prejudice." 496 U.S. 384, 394 (1990) (holding that a court retains ancillary jurisdiction to consider a certain class of narrow issues even after a case has been dismissed with prejudice). A plaintiff, the Court emphasized, can "dismiss an action without prejudice"—and thus live to fight another day— "only if [it] has never previously dismissed an action based on or including the same claim." *Id.* (citation modified).

Second, and to us unsurprisingly, the Supreme Court later interpreted nearly identical language in Rule 41's subsection (b)— "adjudication upon the merits"—to mean the same thing and carry

the same import.[2] *See Semtek*, 531 U.S. at 505–06.  In *Semtek*, the Court confronted a slightly different question than the one we have here: whether a dismissal by a federal court carries "claim-preclusive effect" as determined by the law of the forum state.  *Id*. at 499. In concluding as it did—namely, that the dismissal *does* carry claim-preclusive effect—the Court had to determine whether, within the meaning of Rule 41(b), an "adjudication upon the merits" constituted a dismissal with prejudice.  *Id*. at 506.  The Court held that it did:  "'With prejudice' is an acceptable form of shorthand for an adjudication upon the merits."  *Id*. at 505 (quoting 9 Wright & Miller § 2373, at 396 n.4) (citation modified).  Notably for our purposes, the Court looked to Rule 41(a)—the provision at issue here—for guidance in interpreting Rule 41(b).  *Id*.  Because Rule 41(a) contrasted "dismissal without prejudice" and "adjudication upon the merits," so too, the Court said, must Rule 41(b).  *Id*. at 505–06.  Both rules, the Court concluded, equate an "adjudication upon the merits" with a "dismissal with prejudice."  *Id*.

★   ★   ★

Accordingly, Supreme Court precedent confirms our own best understanding of Rule 41(a)(1)(B)'s language and structure:  A plaintiff's dismissal of a second complaint based on the same claim

---

[2] For stylistic purposes, the language was amended in 2007, such that "adjudication upon the merits" has become "adjudication on the merits" in both Rules 41(a) and 41(b).

it seeks to allege in a third suit operates as a dismissal with prejudice.

**B**

So, what effect for Great Lakes?  Again, we take our cue from the Supreme Court:  In *Semtek*, the Court observed that once a claim is dismissed with prejudice, "the same claim" can't be "refil[ed]" in the same court.  531 U.S. at 506.  Because Great Lakes's second voluntary dismissal operated as a dismissal with prejudice, the district court here was correct to dismiss Great Lakes's claim when it reached the court once again.

At oral argument, Great Lakes acknowledged that *Semtek*'s same-claim-same-court prohibition would straightforwardly control if it had actually *refiled* its suit in SDFL.  *See* Oral Arg. at 9:57–10:11.  But, Great Lakes insisted, it didn't refile in SDFL; rather, it *filed* in the District of Montana and then agreed to have its suit *transferred* to SDFL.  *Id*. at 10:42–10:52.  Accordingly, it contended, the with-prejudice bar shouldn't apply.

Respectfully, we disagree.  First, as a matter of fact, although it's true that the Crabtrees, rather than Great Lakes, initiated the transfer of the third-filed case from Montana to SDFL, Great Lakes consented to the Crabtrees' request.  Second, and in any event, as a matter of law, we just don't think the filed-transferred distinction can bear the weight with which Great Lakes has saddled it.  Once a plaintiff's claim is dismissed with prejudice, the plaintiff is "barr[ed] . . . from prosecuting any later lawsuit on the same claim." *Dismissal With Prejudice*, Black's Law Dictionary (12th ed.

2024).  By its very nature, a "with prejudice" dismissal "finally disposes of a party's claim and bars any future action on that claim." *With Prejudice*, *id*.  Whether its third suit was originally filed in SDFL or transferred there from the District of Montana, Great Lakes now seeks to "prosecut[e]" a "later lawsuit on the same claim," *Dismissal With Prejudice*, *id*., and thus seeks further "action" on that claim, *With Prejudice*, *id*.  That, it may not do.

## IV

Great Lakes twice voluntarily dismissed its own claim against the Crabtrees.  The second voluntary dismissal occurred in SDFL, and under Rule 41(a)(1)(B) that dismissal was with prejudice.  Because Great Lakes may not now litigate that claim again in SDFL, the district court was correct to grant summary judgment to the Crabtrees.

**AFFIRMED**.